UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| ROQUE "ROCKY" DE LA FUENTE,<br><br>       Plaintiff,<br>  v.<br><br>KIM WYMAN, in her official capacity as the Secretary of State of the State of Washington,<br><br>       Defendants. | Case No. 3:16-cv-5801<br><br>**COMPLAINT FOR INJUNCTIVE & DECLARATORY RELIEF** |

Plaintiff, ROQUE "ROCKY" DE LA FUENTE (hereinafter either "Roque De La Fuente" or "Mr. De La Fuente"), files this civil action for emergency mandamus and prospective equitable relief against defendant KIM WYMAN, in her official capacity as the Secretary of State of the State of Washington, requesting emergency preliminary and permanent injunctive and declaratory relief prohibiting defendant from enforcing RCW 29A.56.660 of the Revised Code of Washington, in violation of the First and Fourteenth Amendments to the United States Constitution.

## I.   NATURE OF THE COMPLAINT

1.   This is a civil rights action brought pursuant to 42 U.S.C. § 1983 to enforce rights guaranteed to plaintiff under the First and Fourteenth Amendments to the United States Constitution.

COMPLAINT FOR INJUNCTIVE &
DECLARATORY RELIEF - 1

**BADGLEY MULLINS TURNER** PLLC
19929 Ballinger Way NE, Suite 200
Seattle, WA 98155
TEL 206.621.6566
FAX 206.621.9686

2. RCW 29A.56.620 of the Revised Code of Washington requires a ten (10) days advance public notice via published in newspapers before circulators of election petitions may solicit signatures from registered voters of the State of Washington.

3. The ten (10) day publication and notice requirement of RCW 29A.56.620 of the Revised Code of Washington constitutes a temporary prior restraint of "core political speech" afforded the highest protection by the United States Supreme Court under the First and Fourteenth Amendments to the United States Constitution.

4. The ten (10) day publication and notice requirement of RCW 29A.56.620 of the Revised Code of Washington is a severe impairment of "core political speech" afforded the highest protection by the United States Supreme Court under the First and Fourteenth Amendments to the United States Constitution for which defendant cannot justify as narrowly tailored to advance a compelling governmental interest.

5. The ten (10) day publication and notice requirement of RCW 29A.56.620 of the Revised Code of Washington is a severe impairment of "core political speech" afforded the highest protection by the United States Supreme Court under the First and Fourteenth Amendments to the United States Constitution which does not advance an important regulatory interest.

6. As a direct, proximate and sole result of defendant's enforcement of RCW 29A.56.620 of the Revised Code of Washington, plaintiff has been denied access to the 2016 Washington general election ballot for the office of President of the United States.

7. All of plaintiffs' foregoing allegations are based upon information and belief.

## II.    JURISDICTION

8. Jurisdiction lies in this Court under 28 U.S.C. § 1331, providing that district courts shall have original jurisdiction of all civil actions arising under the Constitution of the United States.

COMPLAINT FOR INJUNCTIVE & DECLARATORY RELIEF - 2

**BADGLEY MULLINS TURNER** PLLC
19929 Ballinger Way NE, Suite 200
Seattle, WA 98155
TEL 206.621.6566
FAX 206.621.9686

9. Moreover, jurisdiction lies under 42 U.S.C. § 1983 and 28 U.S.C. § 1343(a), the jurisdictional counterpart of 42 U.S.C. § 1983 as plaintiff alleges violation of rights guaranteed to him under the First and Fourteenth Amendments to the United States Constitution.

### III.   VENUE

10. Venue is proper in the United States District Court for the Western District of Washington, Tacoma Division under 28 U.S.C. § 1391 as defendant exercises her authority within the Western District of Washington, maintain offices within this district and all of the operative acts or omissions have or will occur in this district.

### IV.   PARTIES

11. Plaintiff, Roque De La Fuente, is an independent candidate for President of the United States in the 2016 general election. Plaintiff intends to be a candidate for President of the United States in the 2020 general election. Plaintiff timely filed election petitions with defendant contain a sufficient number of valid signatures to place his name on Washington's 2016 general election ballot for the office of President of the United States. Plaintiff is a resident of the State of Florida residing at 625 West Winter Park Street, Orlando, Florida.

12. Defendant, Kim Wyman is the Secretary of State for the State of Washington and is charged with enforcement of the election laws of the State of Washington. Defendant rejected plaintiff's 2016 nominating petition to appear on the 2016 Washington general election ballot as a candidate for the office of President of the United States for the sole reason that circulators of plaintiff's nominating petitions for President of the United States did not fully comply with the requirements of RCW 29A.56.660 of the Revised Code of Washington. Defendant's place of business is located at 416 Sid Snyder Avenue S.W., Legislative Building, Olympia, Washington, 89504.

### V.   FACTUAL ALLEGATIONS

13. Plaintiff is an independent candidate for the office of President of the United States in the 2016 general election.

COMPLAINT FOR INJUNCTIVE & DECLARATORY RELIEF - 3

BADGLEY MULLINS TURNER PLLC
19929 Ballinger Way NE, Suite 200
Seattle, WA 98155
TEL 206.621.6566
FAX 206.621.9686

14. Plaintiff intends to be a candidate for the office of President of the United States in the 2020 general election.

15. The State of Washington requires independent candidates for the office of President of the United States to submit to the Washington Secretary of State 1,000 valid signatures of registered Washington voters, recorded on nominating petitions promulgated by defendants in order to appear on the Washington's 2016 general election ballot to elect the plaintiff's slate of presidential electors to the Electoral College.

16. Plaintiff timely filed over 2,000 valid signatures on, or about, July 23, 2016 with defendant.

17. On August 5, 2016, defendant rejected plaintiff's nominating petitions for the sole reason that plaintiff and plaintiff's circulators failed to comply with the provisions of RCW 29A.56.620 of the Revised Code of Washington which requires a ten (10) days advance public notice via published in newspapers before circulators of election petitions may solicit signatures from registered voters of the State of Washington.

18. Specifically, Washington requires that independent candidates for President of the United States must provide ten (10) days' notice, published in a newspaper, prior to the holding of the required "convention" where signatures may be recorded on plaintiff's nominating petition to be filed with defendant.

19. The definition of the mandatory "convention" sufficient to satisfy Washington election law has been dumbed down to include door-to-door petitioning in a locale and the setting up of a table outside a box store, such as Walmart or Home Depot.

20. Accordingly, because the definition of a "convention" has been watered down to mean any petitioning activity, the ten (10) day notice requirement mandated by RCW 29A.56.620 of the Revised Code of Washington, imposes a ten day public notice requirement in advance of any normal petitioning activity protected under the First and Fourteenth Amendments to the United States Constitution.

COMPLAINT FOR INJUNCTIVE &
DECLARATORY RELIEF - 4

21.     As an independent candidate for the office of President of the United States, there are no party members to notify of an actual convention, such as would be expected of political parties with an established membership who might need sufficient notice to attend an actual nominating convention held on a specific date and time at a venue normally designed to hold such meetings.

22.     RCW 29A.56.620 of the Revised Code of Washington constitutes a prior restraint of "core political speech" afforded the highest level of protection under the First and Fourteenth Amendments to the United States Constitution which serves no legitimate state interest.

23.     RCW 29A.56.620 of the Revised Code of Washington imposes a severe restriction of "core political speech" which is not narrowly tailored to advance any, let alone a compelling, governmental interest.

24.     RCW 29A.56.620 of the Revised Code of Washington does not advance any legitimate regulatory interest.

25.     RCW 29A.56.620 of the Revised Code of Washington, as applied to independent candidates, fails to protect any legitimate interest – whether public or private – necessary to justify prior restraint of "core political speech" afforded protection under the First and Fourteenth Amendments to the United States Constitution.

26.     RCW 29A.56.620 of the Revised Code of Washington, as applied to independent candidates, is not narrowly tailored to advance a compelling governmental interest necessary to justify impairment "core political speech" afforded protection under the First and Fourteenth Amendments to the United States Constitution.

27.     RCW 29A.56.620 of the Revised Code of Washington places the protections afforded to political speech under the First and Fourteenth Amendments to the United States Constitution in abeyance until after the completion of the ten (10) day notice provision of the challenged statute.

COMPLAINT FOR INJUNCTIVE &
DECLARATORY RELIEF - 5

**BADGLEY MULLINS TURNER** PLLC
19929 Ballinger Way NE, Suite 200
Seattle, WA 98155
TEL 206.621.6566
FAX 206.621.9686

28.     As a direct and proximate result of defendant's enforcement of RCW 29A.56.620 of the Revised Code of Washington, plaintiff's name will not appear on Washington's 2016 general election ballot for the office of President of the United States.

29.     Plaintiff has no other adequate remedy at law.

## VI.     COUNT I

(RCW 29A.56.620 of the Revised Washington Code, As-Applied to an Independent Candidate for Federal Office, Imposes Prior Restraint of Core Political Speech in Violation of Rights Guaranteed Under the First and Fourteenth Amendments to the United States Constitution Constitutes)

30.     Plaintiff reasserts each preceding allegation as if set forth fully herein.

31.     RCW 29A.56.620 of the Revised Code of Washington prohibits speech protected under the First and Fourteenth Amendments to the United States Constitution until after the expiration of a ten (10) day notice period after publication in a newspaper.

32.     Defendant's enforcement of RCW 29A.56.620 of the Revised Code of Washington constitutes a prior restraint of political speech which does not advance any governmental interest in violation of rights guaranteed to plaintiff under the First and Fourteenth Amendments to the United States Constitution.

33.     Defendant's enforcement of RCW 29A.56.620 of the Revised Code of Washington is the sole and proximate cause of the harm to rights guaranteed to plaintiff under the First and Fourteenth Amendments to the United States Constitution.

34.     Accordingly, defendant's enforcement of RCW 29A.56.620 of the Revised Code of Washington, as applied to independent candidates for the office of President of the United States, impairs rights guaranteed to plaintiff under the First and Fourteenth Amendments to the United States Constitution for which plaintiff demands adequate equitable remedy.

COMPLAINT FOR INJUNCTIVE & DECLARATORY RELIEF - 6

**BADGLEY MULLINS TURNER** PLLC
19929 Ballinger Way NE, Suite 200
Seattle, WA 98155
TEL 206.621.6566
FAX 206.621.9686

## VII.   COUNT II

(RCW 29A.56.620 of the Revised Washington Code, As-Applied to an Independent Candidate for Federal Office, Imposes a Severe Impairment of Core Political Speech in Violation of Rights Guaranteed Under the First and Fourteenth Amendments to the United States Constitution Constitutes)

35.   Plaintiff reasserts each preceding allegation as if set forth fully herein.

36.   RCW 29A.56.620 of the Revised Code of Washington prohibits speech protected under the First and Fourteenth Amendments to the United States Constitution until after the expiration of a ten (10) day notice period after publication in a newspaper.

37.   Defendant's enforcement of RCW 29A.56.620 of the Revised Code of Washington constitutes a severe impairment of political speech which is not narrowly tailored to advance a compelling governmental interest in violation of rights guaranteed to plaintiff under the First and Fourteenth Amendments to the United States Constitution.

38.   Defendant's enforcement of RCW 29A.56.620 of the Revised Code of Washington does not advance a legitimate regulatory interest sufficient to warrant the impairment of "core political speech" protected under the First and Fourteenth Amendments to the United States Constitution.

39.   Defendant's enforcement of RCW 29A.56.620 of the Revised Code of Washington is the sole and proximate cause of the harm to rights guaranteed to plaintiff under the First and Fourteenth Amendments to the United States Constitution.

40.   Accordingly, defendant's enforcement of RCW 29A.56.620 of the Revised Code of Washington, as applied to independent candidates for the office of President of the United States, impairs rights guaranteed to plaintiff under the First and Fourteenth Amendments to the United States Constitution for which plaintiff demands adequate equitable remedy.

## VIII.   REQUEST FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court:

COMPLAINT FOR INJUNCTIVE & DECLARATORY RELIEF - 7

BADGLEY MULLINS TURNER PLLC
19929 Ballinger Way NE, Suite 200
Seattle, WA 98155
TEL 206.621.6566
FAX 206.621.9686

a. Preliminarily enjoin defendants from enforcing RCW 29A.56.620 of the Revised Code of Washington;

b. Permanently enjoin defendants from enforcing RCW 29A.56.620 of the Revised Code of Washington;

c. Declare RCW 29A.56.620 of the Revised Code of Washington unconstitutional as applied to independent candidates for President of the United States;

d. Award plaintiff the cost of this action together with their reasonable attorneys' fees and expenses pursuant to 42 U.S.C. §1988; and,

e. Retain jurisdiction of this action and grant plaintiff such other relief which may in the determination of this Honorable Court to be necessary and proper.

DATED this 19th day of September, 2016.

BADGLEY MULLINS TURNER PLLC

*/s/Donald H. Mullins*_____
Donald H. Mullins, WSBA #4966
Wesley G. Foreman, WSBA #44269
19929 Ballinger Way NE, Suite 200
Seattle, WA 98155
Telephone:  (206) 621-6566
Facsimile:   (206) 621-9686
Email:  dmullins@badgleymullins.com
Email:  wforeman@badgleymullins.com
**Attorneys for Plaintiff**

COMPLAINT FOR INJUNCTIVE & DECLARATORY RELIEF - 8

**BADGLEY MULLINS TURNER** PLLC
19929 Ballinger Way NE, Suite 200
Seattle, WA 98155
TEL 206.621.6566
FAX 206.621.9686