1

The Honorable Judge Benjamin H. Settle

2

3

4

5

6

7    UNITED STATES DISTRICT COURT
     WESTERN DISTRICT OF WASHINGTON
8    AT TACOMA

9    ROQUE "ROCKY" DE LA FUENTE,            )
                                            )    Case No. 3:16-cv-05801
10                         Plaintiff,       )
                                            )    **PLAINTIFF'S MOTION FOR**
11            v.                            )    **SUMMARY JUDGMENT**
                                            )
12   KIM WYMAN, in her official capacity as the   )    **NOTING DATE: NOVEMBER 10,**
     Secretary of State of the State of Washington,   )    **2017**
13                                          )
                           Defendants.      )    **ORAL ARGUMENT REQUESTED**
14                                          )

15

16

17

18

19

20

21

22

23

24

25

26

PLAINTIFF'S MOTION FOR SUMMARY
JUDGMENT
Case No. 3:16-cv-05801

**BADGLEY MULLINS TURNER** PLLC
19929 Ballinger Way NE, Suite 200
Seattle, WA 98155
**TEL** 206.621.6566
**FAX** 206.621.9686

**Table of Contents**

I.    INTRODUCTION AND RELIEF REQUESTED .................................................. 1

II.   STATEMENT OF UNCONTESTED FACTS ................................................ 2

III.  STATEMENT OF ISSUES .................................................................... 3

IV.   EVIDENCE RELIED UPON IN SUPPORT OF PLAINTIFF'S MOTION FOR

SUMMARY JUDGMENT ............................................................................ 4

V.    ARGUMENT ................................................................................ 8

   A.   Introduction .......................................................................... 8

   B.   Legal Standard ...................................................................... 10

   C.   Plaintiff's is Entitled to Summary Judgment .................................... 11

   D.   State's Lack of Compelling or Legitimate Governmental Interest vs. Impairment of

      Core Political Speech Militate in Favor of Plaintiff's Instant Motion for Summary

      Judgment .......................................................................... 21

VI.   CONCLUSION ............................................................................ 23

PLAINTIFF'S MOTION FOR SUMMARY
JUDGMENT - i
Case No. 3:16-cv-05801

**BADGLEY MULLINS TURNER** PLLC
19929 Ballinger Way NE, Suite 200
Seattle, WA 98155
TEL 206.621.6566
FAX 206.621.9686

**Table of Authorities**

**Cases**

*Anderson v. Celebrezze*, 460 U.S. 780 (1983) ...................................................... 17, 18, 21, 23

*Anderson v. Liberty Lobby*, 477 U.S. 242, 255 (1986) ................................................ 10

*Bantam Books v. Sullivan*, 372 U.S. 58, 70 (1963)..................................................... 15

*Buckley v. American Constitutional Law Foundation*, 525 U.S. 182, 192 (1999) ................. 11, 13

*Burdick v. Takushi*, 504 U.S. 428, 434 (1992)........................................................ 11, 15

*Carroll v. Princess Ann*, 393 U.S. 175, 181 (1968)................................................... 15

*Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986) ................................................. 10

*Citizens in Charge v. Gale*, 810 F.Supp.2d 916 (D. Neb. 2011) ...................................... 13

*Daien v. Ysursa*, 711 F.Supp.2d 1215 (D. Idaho 2010) ............................................... 13

*Federal Election Com'n v. Wisconsin Right to Life, Inc.*, 551 U.S. 449, 450-51 (2007) ............. 16

*Furnace v. Sullivan*, 705 F.3d 1021, 1026 (9th Cir. 2013)............................................ 10

*Green Party of Pennsylvania v. Aichele*, 89 F.Supp3d 723 (E.D. Pa. 2015).......................... 14

*Krislov v. Rednour*, 226 F.3d 851 (7th Cir. 2000) ................................................... 13

*Libertarian Party of Connecticut v. Merrill*, 3:15-cv-01851 (D. Conn., January 27, 2016) ........ 14

*Libertarian Party of Virginia v. Judd*, 718 F.3d 308 ................................................ 13

*Meyer v. Grant*, 486 U.S. 414 (1988) ................................................................ 13

*Nader v. Blackwell*, 545 F.3d 459 (6th Cir. 2008)................................................... 13

*Nader v. Brewer*, 531 F.3d 1028 (9th Cir. 2008) .................................................... 13

*Organization for a Better Austin v. Keefe*, 402 U.S. 415 (1971)..................................... 15

*Police Department of Chicago v. Mosely*, 408 U.S. 92 (1972) ....................................... 19

*Quincy Cable TV, Inc. v. FCC*, 768 F.2d 1434, 1455 (1985) .......................................... 16

*Simon & Schuster v. Members of the New York State Crime Victims Board*
   502 U.S. 105 (1991)................................................................................. 20

PLAINTIFF'S MOTION FOR SUMMARY
JUDGMENT - ii
Case No. 3:16-cv-05801

**BADGLEY MULLINS TURNER** PLLC
19929 Ballinger Way NE, Suite 200
Seattle, WA 98155
TEL 206.621.6566
FAX 206.621.9686

*Texas v. Johnson*, 491 U.S. 397 (1989) ........................................................ 20

*Turner Broad. Sys., Inc. v. FCC*, 512 U.S. 622, 664 (1994)............................... 16

*Watchtower Bible and Tract Society of New York, Inc. v. Village of Stratton*
    536 U.S. 150 (2002).................................................................................. 14

*Wilmoth v. Merrill*, 3:16-cv-0223 (D. Conn., March 1, 2016) ...................... 14

**Statutes**

RCW 29A.56.620................................................................................... passim

RCW 29A.56.660.................................................................................... 1, 3, 4

**Rules**

Fed. R. Civ. P. 56(a) ..................................................................................... 10

Fed. R. Civ. P. 56(f)...................................................................................... 11

**BADGLEY MULLINS TURNER** PLLC
19929 Ballinger Way NE, Suite 200
Seattle, WA 98155
**TEL** 206.621.6566
**FAX** 206.621.9686

# I.   <u>INTRODUCTION AND RELIEF REQUESTED</u>

Plaintiff respectfully moves this Honorable Court for summary judgment in the above captioned case, ruling that RCW 29A.56.660 impairs rights guaranteed under the First and Fourteenth Amendments to the United States Constitution and requests this Court to enter permanent declaratory and injunctive relief against Defendant's enforcement of RCW 29A.56.660 against Plaintiff and any candidates seeking the Offices of President and Vice-President of the United States.

For all the reasons more fully set forth below, the challenged restriction is a naked impairment of core political speech in the arena of the collection of election petitions signatures seeking to place presidential and vice-presidential candidates on Washington's general election ballot, for which the state cannot articulate a legitimate state interest in support of the regulation. The challenged statute also constitutes a content-based restriction of speech which is presumptively invalid.  The challenged statutes, through its practical real-life application, effectively creates zones of permissible and impermissible free-speech, by restricting election petition activity (even after the 10 day notice is properly provided) to a very narrow geographic zone of permissible election petitioning activity beyond which petitioners are not permitted to stray.

Accordingly, Plaintiff respectively requests that this Court enter summary judgment in the above captioned case in Plaintiff's favor and declare that RCW 29A.56.660 is unconstitutional as a violation of rights guaranteed to Plaintiff under the First and Fourteenth Amendments to the United States Constitution, and permanently enjoin Defendant from enforcing RCW 29A.56.660 against Plaintiff and all candidates for the Offices of President and Vice-President of the United States now and in the future.

PLAINTIFF'S MOTION FOR SUMMARY
JUDGMENT - 1
Case No. 3:16-cv-05801

**BADGLEY MULLINS TURNER** PLLC
19929 Ballinger Way NE, Suite 200
Seattle, WA 98155
**TEL** 206.621.6566
**FAX** 206.621.9686

## II.    <u>STATEMENT OF UNCONTESTED FACTS</u>

1.      RCW 29A.56.620 requires that independent and minor party candidates for the Offices of President and Vice-President of the United States must publish public notice in newspapers of general circulation 10 days in advance of circulating election petitions required to gain access to Washington's general election ballot.

2.      RCW 29A.56.620 limits the circulation of election petitions for independent and minor party candidates for the Offices of President and Vice-President of the United States to the specific location named in the public notice.

3.      If circulators of election petitions wish to move to a different location, even within the same city or municipality from the location named in the published public notice, they must first publish a new public notice in a newspaper of general circulation and wait an additional 10 days before circulating their election petitions in the new more desirable location.

4.      Signers of election petitions are not required to have prior notice of the election petition before they may validly sign an election petition for independent and minor party candidates for the Offices of President and Vice-President of the United States.

5.      Publishing notice of the holding of a "convention" for the circulation of election petitions in a newspaper of general circulation imposes an additional economic cost on the circulation of election petitions for independent and minor party candidates for the Offices of President and Vice-President of the United States.

6.      No other candidates for public office in the State of Washington are required to publish public notice in newspapers of general circulation 10 days in advance of circulating election petitions to gain access to Washington's general election ballot.

PLAINTIFF'S MOTION FOR SUMMARY
JUDGMENT - 2
Case No. 3:16-cv-05801

7.      Circulators of referendum and initiative petitions are not required to publish public notice in newspapers of general circulation 10 days in advance of circulating referendum and initiative petitions to gain access to Washington's general election ballot.

8.      Local and statewide candidates circulating election petitions in lieu of paying a filing fee are not required to publish public notice in newspapers of general circulation 10 days in advance of circulating election petitions to gain access to Washington's general election ballot.

9.      Independent and minor party candidates for the Offices of President and Vice-President of the United States must timely file election petitions with Defendant containing 1,000 valid signatures in order to gain access to Washington's general election ballot.

10.     Plaintiff filed a sufficient number of valid signatures in 2016 to gain access to Washington's 2016 general election ballot as an independent candidate for President of the United States.

11.     The only alleged deficiency in Plaintiff's 2016 election petition was the failure to properly publish public notice in newspapers of general circulation 10 days in advance of circulating his election petitions to gain access to Washington's general election ballot.

12.     Defendant is solely charged with enforcing RCW 29A.56.620 against independent and minor party candidates for the Offices of President and Vice-President of the United States seeking access to Washington's general election ballot.

13.     Plaintiff has announced his intention to seek the Office of President of the United States as either an independent or minor party candidate in the 2020 general election.

## III.    STATEMENT OF ISSUES

1.      Does RCW 29A.56.660 impair rights guaranteed under the First and Fourteenth Amendments to the United States Constitution by requiring ten days advance public notice of

**BADGLEY MULLINS TURNER** PLLC
19929 Ballinger Way NE, Suite 200
Seattle, WA 98155
TEL 206.621.6566
FAX 206.621.9686

election petition activity for the purpose of placing independent and minor party candidates for the Office of President and Vice-President of the United States on Washington's general election ballot?  SUGGESTED ANSWER:    YES

2.       Does RCW 29A.56.660 advance any legitimate and/or compelling governmental interest?  SUGGESTED ANSWER:  NO

## IV.      EVIDENCE RELIED UPON IN SUPPORT OF PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT

1.       Plaintiff relies on as evidence the entire transcript of the deposition of Lori Augino, attached to the Declaration of Wesley Foreman as Exhibit B.  Specifically, Lori Augino testified that:

a.       She is the Director of Elections for the Office of the Secretary of State for the State of Washington.  *See,* Decl. of Foreman, Exhibit B, p. 6, lines 18-24.

b.       As the Director of Elections for the Office of the Secretary of State for the State of Washington, Augino certifies candidates for Washington's ballot.  *See,* Decl. of Foreman, Exhibit B, p.6, line 25 through p.8, line 24.

c.       In 2016, Plaintiff filed election petitions with Defendant which contained a sufficient number of valid signatures to gain access to Washington's 2016 general election ballot.  *See,* Decl. of Foreman, Exhibit B, p. 31, line 21 through p. 32 line 1.

d.       Election petitions for independent and minor party candidates for president and vice-president can only be circulated after notice of a "convention" is published in a newspaper of general distribution 10 days in advance of the convention.  *See,* Decl. of Foreman, Exhibit B, p. 22, 14 through p. 23, line 7.

PLAINTIFF'S MOTION FOR SUMMARY
JUDGMENT - 4
Case No. 3:16-cv-05801

**BADGLEY MULLINS TURNER** PLLC
19929 Ballinger Way NE, Suite 200
Seattle, WA 98155
**TEL** 206.621.6566
**FAX** 206.621.9686

e.     The only defect in Plaintiff's 2016 Washington State general election petition as an independent candidate for President of the United States was that he failed to comply with the requirements of RCW 29A.56.620.  *See,* Decl. of Foreman, Exhibit B, p. 32, lines 4-8.

f.     State candidates pay a filing fee to gain access to the general election ballot or file an election petition in lieu of paying a filing fee.  *See,* Decl. of Foreman, Exhibit B, p. 9, line 12 through p. 14, line 17.

g.     State candidates circulating election petitions in lieu of paying a filing fee do not need to provide advance notice before they circulate election petitions and are not subject to the requirements of RCW 29A.56.620.  *See,* Decl. of Foreman, Exhibit B, p. 50, line 23 through p. 51 line 7.

h.     Augino was not aware of any situation whereby newspapers have published the notice required under RCW 29A.56.620 free of charge.  *See,* Decl. of Foreman, Exhibit B, p.47, lines 2-4.

i.     State law does not provide a by-pass to the costs associated with publishing a notion in a newspaper of general circulation if a candidate cannot afford to publish the notice required under RCW 29A.56.620

j.     Convention locations need to be selected before notice is published in a newspaper of general circulation.  *See,* Decl. of Foreman, Exhibit B, p.50 lines 5-8.

k.     Any Washington State voter may sign both an election petition for an independent and minor party candidate for president and vice-president of the United States and an initiative and referendum petition.  *See,* Decl. of Foreman, Exhibit B, p.42, line 21 through p. 43, line 2.

PLAINTIFF'S MOTION FOR SUMMARY
JUDGMENT - 5
Case No. 3:16-cv-05801

**BADGLEY MULLINS TURNER** PLLC
19929 Ballinger Way NE, Suite 200
Seattle, WA 98155
TEL 206.621.6566
FAX 206.621.9686

l.       A Washington State voter who never read the notice required under RCW 29A.56.620 may validly sign an election petition.  *See,* Decl. of Foreman, Exhibit B, p. 25, lines 7-24; p. 43, lines 3-5.

m.      The notice requirement of RCW 29A.56.620 does not apply to the circulation of initiative and referendum petitions.  *See,* Decl. of Foreman, Exhibit B, p. 42, lines 9-15.

n.       Signers must be physically present at the time and place published for the circulation of election petitions (i.e. the "convention") in order to validly sign an election petition for independent and/or minor party candidates for president and vice-president of the United States.  *See,* Decl. of Foreman, Exhibit B, p. 34, line 25 through p. 35, line 17.

o.       Non-party members may sign an election petition for minor-party candidates for president and vice-president of the United States.  *See,* Decl. of Foreman, Exhibit B, p. 35, lines 18-22.

p.       Election petitions signatures can be gathered from voters coming off of a ferry for no other purpose than going to work and not to attend a political "convention."  *See,* Decl. of Foreman, Exhibit B, p. 25, line 25 through p. 26, line 19.

q.       Election petition signatures for independent and minor-party candidates for president and vice-president must be gathered in close proximity to the location of a "convention" published in a newspaper of general circulation as required by RCW 29A.56.620.  *See,* Decl. of Foreman, Exhibit B, p. 23, lines 5-10; p. 26, line 20 through p. 27, line 19.

2.       Plaintiff relies on as evidence the entire transcript of the deposition of Trenton Pool, attached to the Declaration of Wesley Foreman as Exhibit C.  Specifically, Trenton Pool testified that:

**BADGLEY MULLINS TURNER** PLLC
19929 Ballinger Way NE, Suite 200
Seattle, WA 98155
**TEL** 206.621.6566
**FAX** 206.621.9686

a.      The requirement under RCW 29A.56.620  to publish a notice 10 days in advance of a convention in order to circulate an election petition for an independent candidate for president was ambiguous to Pool.  *See*, Decl. of Foreman, Exhibit C, p. 12 line 20 through 14 line 24.

b.      Pool learned that none of the minor political parties held an actual convention as that term is commonly understood, and engaged in pure petitioning activity.  *See*, Decl. of Foreman, Exhibit C, p. 14, line 25 through p. 15, line 24.

c.      Pool testified that some voters had a problem signing the election petition for Plaintiff because the election petition said that they were attending a convention, when they were just being asked to sign an election petition.  *See*, Exhibit C, p. 18, line 7 through p. 19, line 1.

d.      Pool testified that he had a problem in publishing notice of a convention when Plaintiff was not holding a convention and was just circulating election petitions and that RCW 29A.56.620 required a fraudulent notice.  *See*, Decl. of Foreman, Exhibit C, p. 19, line 2 through p. 20, line 10.

3.      Plaintiff relies on as evidence the entire transcript of the deposition of Jody Grage, attached to the Declaration of Wesley Foreman as Exhibit A.  Specifically, Jody Grage testified that:

a.      The notice requirement of RCW 29A.56.220 only applies to presidential candidates.  *See*, Decl. of Foreman, Exhibit A, p. 16, lines 12-19.

b.      The Green Party has an institutional memory on how to comply with RCW 29A.56.620 but there was still some instances of confusion as to the law's requirements. *See*, Decl. of Foreman, Exhibit A, p. 18, line 5 through p. 21, line 11.

PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT - 7
Case No. 3:16-cv-05801

**BADGLEY MULLINS TURNER** PLLC
19929 Ballinger Way NE, Suite 200
Seattle, WA 98155
TEL 206.621.6566
FAX 206.621.9686

c.      Some people who wanted to sign the Green Party's election petition for president could not because there was no local "convention" to permit them to sign.  *See*, Decl. of Foreman, Exhibit A, p. 24, line 1 through p. 25, line 22.

d.      Signature cannot be obtained from voters at a different location than that published in the notice required under RCW 29A.56.620.  *See*, Decl. of Foreman, Exhibit A, p. 75, lines 3-21.

e.      The notice requirement of RCW 29A.56.620 does not have much of a purpose.  *See*, Decl. of Foreman, Exhibit A, p. 78, lines 21-23.

## V.      <u>ARGUMENT</u>

### A.      <u>Introduction</u>

In order to gain access to Washington's general election ballot for the offices of President and Vice-President of the United States, independent and minor political party candidates must hold "conventions" and thereafter timely submit to defendant nominating petitions containing the signatures of 1,000 registered voters attesting that they "attended" the required "convention." Defendant has interpreted the term "convention" to include and permit such routine petitioning conduct as door-to-door petitioning and the setting-up of a table at Ferry terminals to collect the required number of valid signatures on election petition.  However, RCW 29A.56.620 of the Revised Washington Code requires that minor political parties and independent candidates must provide ten (10) days' notice of a "convention" held within a county by publishing a notice in a "newspaper of general circulation" within the county in which the party or the candidate intends to hold a "convention." The notice must publish the date, time, and place of the "convention" and include the mailing address of the person or organization sponsoring the "convention."

PLAINTIFF'S MOTION FOR SUMMARY
JUDGMENT - 8
Case No. 3:16-cv-05801

**BADGLEY MULLINS TURNER** PLLC
19929 Ballinger Way NE, Suite 200
Seattle, WA 98155
TEL 206.621.6566
FAX 206.621.9686

Plaintiff timely filed with defendant over 2,000 valid signatures of registered Washington voters who petitioned the State of Washington to place plaintiff's name on Washington's 2016 general election ballot for the office of President of the United States.  Defendant rejected plaintiff's nominating petition for President of the United States for the sole reason that plaintiff failed to comply with the requirements of RCW 29A.56.620 of the Revised Washington Code.

Plaintiff alleges that RCW 29A.56.620 of the Revised Washington Code constitutes an unconstitutional prior restraint and/or severe impairment of "core political speech" which is not narrowly tailored to advance a compelling governmental interest.  Furthermore, discovery has established that the impairment of Plaintiff's rights under the First and Fourteenth Amendments also takes the form of a presumptively invalid content based restriction of speech because the restrictions imposed by RCW 29A.56.620 are only imposed on independent and minor party candidates for the Offices of President and Vice-President of the United States – they are not imposed on the circulation of any other form of election petition for any other candidate in the State of Washington or for the collection of signatures on initiative and referendum petitions. The 10 day advance notice requirement imposed by RCW 29A.56.620 uniquely impair and strike at core political speech whose content is asking the voters of Washington to place the names of independent and minor party candidates for the Offices of President and Vice-President of the United States on Washington's general election ballot.

In addition, the practical operation of the RCW 29A.56.620 imposes impermissible "free-speech" zones on public property only for independent and minor party candidates for the Offices of President and Vice-President of the United States because election petitions circulators are restricted to gathering valid signatures on their election petitions to the places named in the public notice.  If they stray or wish to stray from the published location, they must

PLAINTIFF'S MOTION FOR SUMMARY
JUDGMENT - 9
Case No. 3:16-cv-05801

**BADGLEY MULLINS TURNER** PLLC
19929 Ballinger Way NE, Suite 200
Seattle, WA 98155
TEL 206.621.6566
FAX 206.621.9686

1    wait until a new notice is published in a newspaper of general circulation and wait a new 10 day

2    period before they can move to a new location to gather valid signatures.  This prohibition on the

3    ability to move to better locations imposes a unique impairment on independent candidates for

4    President and Vice-President of the United States because they may lack the local knowledge of

5    where to best gather valid signatures that some of the more established minor political parties

6    have in the State of Washington have obtained from years of local experience in circulating

7    election petitions for their presidential candidates.

8        Accordingly, RCW 29A.56.620 of the Revised Washington Code unconstitutionally

9    impairs rights guaranteed to plaintiff under the First and Fourteenth Amendments to the United

10   States Constitution and this Court should immediately grant plaintiff's requested equitable relief

11

12   in this case.

13       **B.**    **Legal Standard**

14       Courts may enter summary judgment if "the movant shows that there is no genuine

15   dispute as to any material fact and the movant is entitled to judgment as a matter of law."  *See,*

16   Fed. R. Civ. P. 56(a).  A party may oppose a motion for summary judgment by asserting "any of

17   the kinds of evidentiary materials listed in Rule 56(c)," including declarations and affidavits.

18   *Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986).  If, as to any given material fact, evidence

19   produced by the moving party…conflicts with evidence produced by the nonmoving party…we

20   must assume the truth of the evidence set forth by the nonmoving party with respect to that

21   material fact." *Furnace v. Sullivan*, 705 F.3d 1021, 1026 (9th Cir. 2013).  Moreover, a court

22

23   ruling on a motion for summary judgment may not engage in "[c]redibility determinations" or

24   "the weighing of evidence," as those are functions reserved for the jury. *Anderson v. Liberty*

25   *Lobby*, 477 U.S. 242, 255 (1986).

26

**BADGLEY MULLINS TURNER** PLLC
19929 Ballinger Way NE, Suite 200
Seattle, WA 98155
**TEL** 206.621.6566
**FAX** 206.621.9686

Under Rule 56(f) of the Federal Rules, this Court, after giving notice and a reasonable time to respond to opposing counsel, may grant summary judgment for a non-movant.  While Plaintiff is content to take this litigation to trial, on the record before the Court, it is clear that Plaintiff is entitled to summary judgment on Plaintiff's facial attack on the challenged Washington statutes.

**C.**     **<u>Plaintiff's is Entitled to Summary Judgment</u>**

The United States Supreme Court has clearly instructed that courts must "be vigilant . . . to guard against undue hindrances to political conversations and the exchange of ideas." *Buckley v. American Constitutional Law Foundation*, 525 U.S. 182, 192 (1999).  In evaluating the constitutionality of restriction on ballot access, "the rigorousness of [the court's] inquiry . . . depends upon the extent to which a challenged regulation burdens First and Fourteenth Amendment rights." *Burdick v. Takushi*, 504 U.S. 428, 434 (1992).  When constitutional rights "are subjected to 'severe' restrictions, the regulation must be narrowly drawn to advance a state interest of compelling importance." *Id*.  (internal quotation marks and citation omitted).  "But when a state election law provision imposes only reasonable, nondiscriminatory restrictions upon the First and Fourteenth Amendment rights of voters, the State's important regulatory interests are generally sufficient to justify the restrictions." *Id*.

The State of Washington requires minor party and independent candidates to hold "conventions" to nominate their candidates.  Access to Washington's general election ballot for minor party and independent candidates for the office of President and Vice-President of the United States, in turn, depends upon the subsequent timely filing with defendant of nominating petitions containing 1,000 signatures of registered voters certifying that they attended the "convention" and that the named candidate should be placed on the state's general election

PLAINTIFF'S MOTION FOR SUMMARY
JUDGMENT - 11
Case No. 3:16-cv-05801

**BADGLEY MULLINS TURNER** PLLC
19929 Ballinger Way NE, Suite 200
Seattle, WA 98155
**TEL** 206.621.6566
**FAX** 206.621.9686

ballot.  A "convention" for minor political parties and independent candidates, however, has

been interpreted as to not require that the "convention" be held in a hotel or any other indoor

meeting space, as the term "convention" is commonly understood to require.  Instead, defendant

has interpreted a "convention" to mean as little as door-to-door canvassing or public petitioning

and the setting up of a table in a public space or private space such as in the parking lot of a

Walmart, Home Depot or any other such place of dense concentration of potential signers.

It is against this factual backdrop where the "convention" requirement has been watered

down to mean any normal petitioning activity that RCW 29A.56.620 of the Revised Washington

Code imposes an unconstitutional impairment of "core political speech" protected under the First

and Fourteenth Amendments to the United States Constitution.  Specifically, RCW 29A.56.620

of the Revised Washington Code provides as follows:

**Convention—Notice.**
Each minor party or independent candidate must publish a notice in a newspaper of
general circulation within the county in which the party or the candidate intends to hold
a convention. The notice must appear at least ten days before the convention is to be
held, and shall state the date, time, and place of the convention. Additionally, it shall
include the mailing address of the person or organization sponsoring the convention.

Accordingly, RCW 29A.56.620 prohibits any petitioning activity within a county unless and

until ten (10) days' prior notice has been published in a newspaper of general circulation.

Failure to comply with the notice requirements of RCW 29A.56.620 is grounds for the complete

rejection of otherwise timely filed election petitions containing "core political speech" of

registered Washington voters by defendant.

An absolute bar on political speech, for any amount of time, of the kind imposed by

RCW 29A.56.620, constitutes a severe impairment of First Amendment protections and is

subject to strict scrutiny by this Court – as opposed to normal ballot access requirements

PLAINTIFF'S MOTION FOR SUMMARY
JUDGMENT - 12
Case No. 3:16-cv-05801

**BADGLEY MULLINS TURNER** PLLC
19929 Ballinger Way NE, Suite 200
Seattle, WA 98155
TEL 206.621.6566
FAX 206.621.9686

implicating the orderly construction of election ballots such as number of signatures required to

filed on election petition, form of the election petition to be used, qualification requirements of

signers, notarization of election petitions by circulators, deadlines to file nomination petitions

and other election petition details to promote uniformity and regularity of the election process.

      For instance, in *Meyer v. Grant*, 486 U.S. 414 (1988), the Court struck down Colorado's

prohibition on paid petition circulators.  Holding that the restriction was "a limitation on political

expression subject to exacting scrutiny" the Court reasoned that the state had failed to justify the

burden on advocates' free speech rights.  *Meyer*, 486 U.S. at 420.  In *Buckley*, the Court

invalidated a requirement that petition circulators be registered voters of the state, holding that

the "requirement cuts down the number of message carriers in the ballot-access arena without

impelling cause." *Buckley*, 525 U.S. at 197.  Following *Buckly*, Courts have routinely subjected

restrictions on who may circulate election petitions to strict scrutiny analysis because such

restrictions do not merely implicate the mechanics or orderly administration of the election

petition process, but rather impose an absolute exclusionary bar on the free exchange of political

speech by large numbers of citizens.  *See e.g., Citizens in Charge v. Gale*, 810 F.Supp.2d 916 (D.

Neb. 2011) (invalidating state residency requirement for circulators of candidacy and ballot

initiative petitions); *Nader v. Blackwell*, 545 F.3d 459 (6th Cir. 2008) (invalidating state

residency requirement for circulators of presidential candidacy petitions); *Nader v. Brewer*, 531

F.3d 1028 (9th Cir. 2008) (same); *Daien v. Ysursa*, 711 F.Supp.2d 1215 (D. Idaho 2010) (same);

*Krislov v. Rednour*, 226 F.3d 851 (7th Cir. 2000) (invalidating residency requirement for

circulators of petition for congressional candidacy petitions); *Libertarian Party of Virginia v.

Judd*, 718 F.3d 308 (4th Cir. 2013) (invalidating state residency requirement for circulators of

candidacy petitions), *aff'd.*, 881 F.Supp.2d 719 (E.D. Va. 2012) cert. denied, 134 S. Ct. 681

PLAINTIFF'S MOTION FOR SUMMARY
JUDGMENT - 13
Case No. 3:16-cv-05801

**BADGLEY MULLINS TURNER** PLLC
19929 Ballinger Way NE, Suite 200
Seattle, WA 98155
TEL 206.621.6566
FAX 206.621.9686

(Dec. 2, 2013); *Green Party of Pennsylvania v. Aichele*, 89 F.Supp3d 723 (E.D. Pa. 2015);

*Wilmoth v. Merrill*, 3:16-cv-0223 (D. Conn., March 1, 2016); *Libertarian Party of Connecticut v.*

*Merrill*, 3:15-cv-01851 (D. Conn., January 27, 2016).  In *Green Party of Pennsylvania*, Judge

Dalzell of the Eastern District of Pennsylvania explained the application of strict scrutiny:

> "We apply the strict scrutiny standard because the character and magnitude of the asserted injury outweighs the Commonwealth's interests as a justification for the burden it imposes. The Commonwealth's residency requirement is not narrowly tailored to advance a state interest of compelling importance.  'As the law has developed…, a consensus has emerged that petitioning restrictions like the one at issue here are subject to strict scrutiny analysis.'"

*Green Party of Pennsylvania*, 89 F.Supp.3d at 740 *citing Judd*, 718 F.3d at 316-17.

In the instant case, the restriction on actual circulation of an election within the time period

allowed by law is subject to an additional restriction of a ten (10) day notice in advance of any

circulation of election petitions within a county.

Beyond the confines of established constitutional analysis in the context of ballot access,

the restrictions imposed on election petitioning in the State of Washington by RCW 29A.56.620,

can also be analogized to binding precedent on the constitutional analysis of licensing statutes

which bar speech unless and until a governmental permit is obtained in advance of the intended

political speech.  In *Watchtower Bible and Tract Society of New York, Inc. v. Village of Stratton*,

536 U.S. 150 (2002), the United States Supreme Court explained that a law which prohibited

door-to-door advocacy without first obtaining governmental permission violates the First

Amendment.  The Court explained that:

> "It is offensive not only to the values protected by the First Amendment, but to the very notion of a free society that in the context of everyday public discourse a citizen must first inform the government of her desire to speak to her neighbors…[and] constitutes a dramatic departure from our national heritage and constitutional tradition."

*Id*. at 165-66.  In the instant case, a permit from government officials is not the requirement, but the public notice requirement of RCW 29A.56.620, followed by the requirement that plaintiff submit to Defendant evidence of publication in a newspaper of general circulation is the inverse of a licensing scheme and equally offensive to the guarantee of free speech afforded to plaintiff under the First and Fourteenth Amendments to the United States Constitution.

The requirements of RCW 29A.56.620 also impose a temporary prior restraint on speech, which if violated (as is the case in the instant action) implicate a permanent punishment in the form of defendant's rejection of election petition signatures that were recorded before the expiration of the required ten (10) notice period.  In *Organization for a Better Austin v. Keefe*, 402 U.S. 415 (1971), a unanimous Supreme Court ruled that a state court injunction of petitioners seeking to picket and pass out literature of any kind in a specified area was unconstitutional.  The Court explained that the injunction operated to suppress speech protected under the First Amendments and that any prior restraint on expression came to the Court with a "heavy presumption" against its constitutional validity.  *See Carroll v. Princess Ann*, 393 U.S. 175, 181 (1968); *Bantam Books v. Sullivan*, 372 U.S. 58, 70 (1963).

In the instant case, any speech collected on election petitions within a specified area is censored by defendants unless the requirements of RCW 29A.56.620 are first satisfied.  Accordingly, the requirements imposed by RCW 29A.56.620 constitute a form of temporary prior restraint on speech protected under the First and Fourteenth Amendments to the United States Constitution.

Once this Court determines political speech has been burdened and that strict scrutiny must be applied; it is presumed that the law, or regulation, or policy is unconstitutional.  *Burdick v. Takushi*, 504 U.S. 428, 434 (1992).  The government then has the burden to prove that the

PLAINTIFF'S MOTION FOR SUMMARY
JUDGMENT - 15
Case No. 3:16-cv-05801

**BADGLEY MULLINS TURNER** PLLC
19929 Ballinger Way NE, Suite 200
Seattle, WA 98155
TEL 206.621.6566
FAX 206.621.9686

challenged law is constitutional.  *Federal Election Com'n v. Wisconsin Right to Life, Inc.*, 551 U.S. 449, 450-51 (2007).  To withstand strict scrutiny, the government must prove that the law is necessary to achieve a compelling governmental interest.  *Id*.  If this is proved, the state must then demonstrate that the law is also narrowly tailored to achieve the asserted interest.  *Id*.

In order to meet its burden of proof, the government "must do something more than merely posit the existence of the disease sought to be cured."  *Turner Broad. Sys., Inc. v. FCC*, 512 U.S. 622, 664 (1994) (citing *Quincy Cable TV, Inc. v. FCC*, 768 F.2d 1434, 1455 (1985)). In other words, the government must factually prove the existence of the evil and that the asserted interest is necessary and narrowly tailored to remedy that evil. Under the requirement that any policy must be narrowly tailored to advance the asserted compelling governmental interest, defendants cannot forego a policy which is clearly less burdensome on free speech and association rights in favor of the policy challenged in this action.  Accordingly once strict scrutiny analysis is applied to RCW 29A.56.620, defendant must articulate and prove via evidence that the asserted evil exists, that the challenged remedy of the evil implicates a compelling governmental interest and that the challenged restriction is designed to narrowly remedy the asserted evil.

Defendant cannot articulate the existence of any state interest, let alone an interest of compelling import, to force circulators of an election petition for an independent candidate for President of the United States to publish a notice in a newspaper that the circulators will be gathering signatures within a county ten (10) days before circulation.  While the State of Washington may have an interest in requiring prior notice of actual political conventions called by established political parties with registered members who might require legitimate notice to attend an party nominating convention held at a specific time and place, such a factual dynamic

**BADGLEY MULLINS TURNER** PLLC
19929 Ballinger Way NE, Suite 200
Seattle, WA 98155
**TEL** 206.621.6566
**FAX** 206.621.9686

and associated state interest is wholly absent from the instant case.  Independent candidates are merely seeking access to the state's general election ballot.  Independent candidates do not seek the nomination of a party or association of like-minded political activist beyond the individuals who decide, on the spur of the moment when approached by a circulator, to sign an election petition for the independent candidate to appear on the state's general election ballot.

Additionally, even if RCW 29A.56.620 of the Revised Washington Code might pass constitutional scrutiny if it sought to impose a ten (10) day notice requirement for the circulation of election petitions for state and local elections in Washington (which it does not), as applied to the circulation of election petitions for the offices of President and Vice President, such petitions are circulated for federal offices, and case law makes it clear that individual states have a minimal interest in imposing unnecessary regulations because individual states do not retain a compelling interest in having their own local election laws from having an impact on a national election. Flatly stated, not every election regulation which is allowed for state offices are permitted to interfere with the nation-wide election for President and Vice-President.  In *Anderson v. Celebrezze*, 460 U.S. 780 (1983) the United States Supreme Court further clarified that:

> [I]n the context of a Presidential election, state-imposed restrictions implicate a uniquely important national interest.  For the President and the Vice President of the United States are the only elected officials who represent all the voters in the Nation.  Moreover, the impact of the votes cast in each State is affected by the votes cast for the various candidates in other States.    Thus, in a Presidential election, a State's enforcement of more stringent ballot access requirements…has an impact beyond its own borders.  Similarly, the State has a less important interest in regulating Presidential

elections than state-wide or local elections, because the outcome of the former will be largely determined by voters beyond the State's boundaries….The pervasive national interest in the selection of candidates for national office, and this national interest is greater than any interest of an individual State.

*Anderson* at 794-95.

The uncontested fact that RCW 29A.56.620 is only imposed on the gathering of election petition signatures for independent and minor party candidates for President and Vice-President of the United States – and no other federal, state or local candidates – demonstrates that RCW 29A.56.620 fails to advance any compelling or legitimate governmental interest sufficient to justify the cost to, and impairment of, protected First Amendment speech, especially in the arena of presidential elections where the State of Washington (and Defendants) possesses a minimal interest in imposing ballot access restrictions beyond those necessary for the orderly administration of elections.  If the 10 day notice requirement was necessary to advance a compelling or even a legitimate governmental interest it is difficult to understand why RCW 29A.56.620 is not imposed on any other political candidate seeking access to Washington's general election ballot by election petition or to the circulation of initiative and referendum petitions.  To date, the record demonstrates that the only "interest" advanced by Defendant in favor of the challenged restriction is that it is part of a "tradition."  *See*, Decl. of Foreman, Exhibit B p. 38 lines 3, 12.   No court has ever upheld a restriction or impairment on First Amendment speech based on the need, or state interest, to uphold a "tradition."

Furthermore, the fact that the 10 day advance publishing requirement of RCW 29A.56.620 is only imposed on independent and minor party candidates for the Offices of President and Vice-President of the United States implicates a presumptively invalid content

PLAINTIFF'S MOTION FOR SUMMARY
JUDGMENT - 18
Case No. 3:16-cv-05801

**BADGLEY MULLINS TURNER** PLLC
19929 Ballinger Way NE, Suite 200
Seattle, WA 98155
TEL 206.621.6566
FAX 206.621.9686

based restriction of speech.  One of the most important principles of First Amendment jurisprudence states that the government may not regulate speech solely on the basis of its content. Public debate would be distorted, and individual autonomy impaired, if the government were allowed to pick and choose certain ideas, viewpoints, or types of information to suppress. A law is content based if it limits or restricts speech that concerns an entire topic (''subject matter discrimination'') or that expresses a particular stance or ideology (''viewpoint discrimination''). The Supreme Court generally invalidates content-based speech regulations unless the government can meet an exacting standard of justification known as ''strict scrutiny'' analysis.

The content distinction is a relatively recent development in First Amendment law. The Court first established its importance in *Police Department of Chicago v. Mosely*, 408 U.S. 92 (1972). In that case, postal worker Earl Mosely challenged a Chicago ordinance that prohibited all picketing outside schools except for ''peaceful picketing of any school involved in a labor dispute.'' Mosely had for several months picketed a high school that he believed engaged in racial discrimination. The Court struck down the ordinance because it applied selectively, depending on what message picketers carried on their signs. Writing for the Court, Justice Marshall explained that ''above all else, the First Amendment means that government has no power to restrict expression because of its message, its ideas, its subject matter, or its viewpoint.'' *Id*. at 95-96.

Pursuant to strict scrutiny analysis, content regulations of speech are unconstitutional unless they are (1) justified by a compelling state interest; and (2) narrowly drawn to achieve that interest with the minimum abridgment of free expression. The compelling- interest prong of the test ensures that speech cannot be restricted just because the majority finds it offensive.

**BADGLEY MULLINS TURNER** PLLC
19929 Ballinger Way NE, Suite 200
Seattle, WA 98155
**TEL** 206.621.6566
**FAX** 206.621.9686

For example, in *Texas v. Johnson*, 491 U.S. 397 (1989), the Court invalidated the conviction of a protestor who burned an American flag at the Republican National Convention. Although Texas claimed that its flag desecration statute served to prevent breaches of the peace and encourage respect for the flag, the Court found these arguments unconvincing. Rather, the Court concluded that the statute's real purpose was to eliminate political protests considered by many to be insulting and unpatriotic. In his opinion for the Court, Justice Brennan noted that ''the bedrock principle underlying the First Amendment . . . is that the Government may not prohibit the expression of an idea simply because society finds the idea itself offensive or disagreeable.'' *Id*. at 414-15.

Even where a compelling justification exists, a content- based speech regulation will not meet the requirements of strict scrutiny if it is overbroad and limits too much speech.  In *Simon & Schuster v. Members of the New York State Crime Victims Board*, 502 U.S. 105 (1991), the Supreme Court unanimously declared New York's ''Son of Sam Law'' unconstitutional as penalizing expression based on its content.

In the instant case, only speech associated with the circulation of election petitions and the speech necessary to request voters to sign election petitions seeking to place independent and minor party candidates for the Offices of President and Vice-President of the United States are subject to the impairment that they must provide a 10 day public notice published in newspapers of general circulation.  Speech attendant to the circulation of election petitions for other candidates for public office and the circulation of referendum and initiative petitions are not subject to the requirement of the challenged statute.  Accordingly, by imposing the 10 day publication requirement only on independent and minor-party candidates for president and vice-president demonstrates that it is a restriction on speech which fails to advance a compelling or

PLAINTIFF'S MOTION FOR SUMMARY
JUDGMENT - 20
Case No. 3:16-cv-05801

**BADGLEY MULLINS TURNER** PLLC
19929 Ballinger Way NE, Suite 200
Seattle, WA 98155
TEL 206.621.6566
FAX 206.621.9686

legitimate governmental interest and regulates protected political speech based on the content of the speech, namely, speech necessary to place independent and minor party candidates for president and vice-president on Washington's general election ballot.

  **D.**  **State's Lack of Compelling or Legitimate Governmental Interest vs. Impairment of Core Political Speech Militate in Favor of Plaintiff's Instant Motion for Summary Judgment**

   Simply stated, separate from the dispositive legal arguments under the prior and content-based restriction of speech imposed by RCW 29A.56.620, the statute must fail under the balancing test articulated by the Supreme Court in *Anderson v. Celebrezze*, 460 U.S. 780 (1983). In *Anderson*, the Court explained that even under a less exacting level of scrutiny where a regulation is deemed to be less than severe, the Court must weigh the impairment to First Amendment rights against the asserted interest advanced and proved by the state.  In the instant case, the costs imposed on the circulation of election petitions for independent and minor-party candidates both in terms of financial costs imposed in publishing the 10 day notice and the financial costs in scouting and finding a suitable location to gather signatures for the election petition, drive or moving to a new location, and the associated costs of down-time for professional circulators waiting for the new 10 day advance publication to mature to permit them to move to circulate at a new location, and the impairment of not gaining access to the general election ballot if RCW 29A.56.620 is not properly followed by independent candidates lacking in the local knowledge on how to properly comply with the challenged statute, clearly outweigh the state's asserted interest in upholding "tradition" which is not a legitimate state interest.  *See*, Decl of Foreman, Exhibit B at p. 38, lines 3, 12.

   The lack of a state interest in enforcement of RCW 29A.56.620 is also demonstrated by the fact that actual notice (i.e. a signer of the election petition is required to have known about

the "convention" through the public notice) of the "convention" is not required before a signer may validly sign the election petition. Anyone who comes upon an election petition circulator may sign, if they wish, the election petition. The signer need not know of the published site or occurrence, or even participation in, the alleged "convention" before they may sign the petition. In other words, the "convention" is nothing more than the normal every-day circulation of election petitions – anyone, including voters tumbling off of a Ferry who had no knowledge of the holding of a "convention" may sign an election petition. IN fact, there is no convention, there is only the circulation of election petitions which need not be preceded by a 10 day public notice published in a newspaper of general circulation.

In fact, the term "convention" cannot logically be applied to the unique circumstance of an independent candidate for president and demonstrates a further lack of any possible state interest in the context of enforcing RCW 29A.56.620 against independent candidates for president. Independent candidates are not members of any party. Independent candidates cannot be nominated. They can only gather the number of signatures required to gain access to a general election ballot. The tortured application of the term "convention" in the circulation of election petitions is shown to be a lie by trying to impose that term to the circulation of election petitions to independent candidates for president and vice-president who are not party of a party. To the extent that Defendant attempts to justify a public notice requirement via RCW 29A.56.620 by arguing that minor party members have a right to advance notice to a "nomination" of their party's presidential and vice-presidential candidates, any such argument, if made, cannot be applied to the circulation of election petitions for independent candidates for president and vice-president. Accordingly, any tortured argument in favor of a public notice requirement for the nomination of minor-party presidential candidates (which, in fact,

BADGLEY MULLINS TURNER PLLC
19929 Ballinger Way NE, Suite 200
Seattle, WA 98155
TEL 206.621.6566
FAX 206.621.9686

themselves occur at nation conventions and/or meetings, far away from Washington) cannot be advanced in support of the existence of a legitimate state interest to justify the impairment of speech for independent presidential and vice-presidential candidates by RCW 29A.56.620.

Accordingly, even under the *Anderson* balancing test, the clear impairment to core political speech imposed under RCW 29A.56.620 against the complete lack of any legitimate governmental interest, Plaintiff's instant motion for summary judgment should be granted.

## VI.   <u>CONCLUSION</u>

For all the foregoing stated reasons, Plaintiff's motion for summary judgment should be granted.  Accordingly, this Court should declare RCW 29A.56.620 unconstitutional on its face and as applied to Plaintiff and independent and minor party candidates for the Offices of President of the United States and Defendant should be permanently enjoined for enforcing its provisions now and in the future.

DATED this 18th day of October, 2017

BADGLEY MULLINS TURNER PLLC

*/s/Donald H. Mullins*
Donald H. Mullins, WSBA #4966
Wesley G. Foreman, WSBA #44269
19929 Ballinger Way NE, Suite 200
Seattle, WA 98155
Telephone:  (206) 621-6566
Facsimile:  (206) 621-9686
Email: dmullins@badgleymullins.com
Email: wforeman@badgleymullins.com
**Attorneys for Plaintiff**

IMPG ADVOCATES, INC.
Paul A. Rossi, PSBA #84947
873 E. Baltimore Pike, Suite 705
Kennett Square, Pennsylvania 19348
Telephone: (717) 961-8978
Email: paul-rossi@comcast.net
**Pro Ha Vice- Attorney for Plaintiff**

PLAINTIFF'S MOTION FOR SUMMARY
JUDGMENT - 23
Case No. 3:16-cv-05801

**BADGLEY MULLINS TURNER** PLLC
19929 Ballinger Way NE, Suite 200
Seattle, WA 98155
**TEL** 206.621.6566
**FAX** 206.621.9686

1

2

## CERTIFICATE OF SERVICE

I hereby certify that on October 18, 2017, I served a copy of the foregoing, along with the Declaration of Wesley Foreman, exhibits thereto, and proposed order on the following parties via the ECF electronic filing system:

Rebecca R. Glasgow
Callie A. Castillo
Deputy Solicitors General
P.O. Box 40100
Olympia, WA 98504
360-753-6200
rebecca.glasgow@atg.wa.gov
callie.castillo@atg.wa.gov

*s/ Jen Bates*_____
Jen Bates, Paralegal

PLAINTIFF'S MOTION FOR SUMMARY
JUDGMENT - 24
Case No. 3:16-cv-05801

**BADGLEY MULLINS TURNER** PLLC
19929 Ballinger Way NE, Suite 200
Seattle, WA 98155
TEL 206.621.6566
FAX 206.621.9686