The Honorable Benjamin H. Settle

# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF WASHINGTON
### AT TACOMA

| | |
|---|---|
| ROQUE "ROCKY" DE LA FUENTE,<br><br>    Plaintiff,<br><br> v.<br><br>KIM WYMAN, in her official capacity as the Secretary of State of the State of Washington,<br><br>    Defendant. | NO. 3:16-cv-05801-BHS<br><br>DEFENDANT'S RESPONSE TO MOTION FOR SUMMARY JUDGMENT AND CROSS-MOTION TO DISMISS<br><br>**NOTE ON MOTION CALENDAR: November 10, 2017** |

## I.  MOTION AND REQUEST FOR RELIEF

Defendant Kim Wyman, Secretary of State of the State of Washington, moves for summary judgment pursuant to Fed. R. Civ. P. 56 and an Order of Dismissal with prejudice.

## II.  SUMMARY OF ARGUMENT

Washington imposes minimal requirements on minor party and independent presidential candidates seeking to have their names placed on the state ballot. While five other minor party and independent candidates satisfied Washington's statutory requirements and appeared as presidential candidates on the 2016 general election ballot, Plaintiff Roque "Rocky" De La Fuente undisputedly failed to do so. Instead of accepting his failure to follow Washington's requirements, De La Fuente offers a post hoc rationalization that Wash. Rev. Code § 29A.56.620

1

1    is unconstitutional as a severe impairment of core political speech and a content-based
2    restriction. This Court should reject his claims.

3         As a threshold matter, this matter is not justiciable because of De La Fuente's lack of
4    standing based on both mootness and ripeness. De La Fuente undisputedly sought placement on
5    Washington's 2016 presidential ballot as a candidate of the American Delta Party. He now seeks
6    to enjoin the Secretary of State's future enforcement of Wash. Rev. Code § 29A.56.620 as
7    applied to all presidential candidates, claiming that he intends to be a candidate for President in
8    the 2020 election. To the extent De La Fuente claims injury based on his failure to access the
9    2016 presidential ballot as a minor party candidate, De La Fuente cannot obtain any declaratory
10   or injunctive relief and the matter is moot. *E.g.*, *Ariz. Green Party v. Reagan*, 838 F.3d 983, 987
11   (9th Cir. 2016). And to the extent that De La Fuente seeks prospective, as-applied relief as a
12   possible, future independent candidate, he does not have standing based on any alleged prior
13   injury and the matter is not yet ripe. *E.g.*, *Golden v. Zwickler*, 394 U.S. 103, 108-10 (1969);
14   *Protectmarriage.com–Yes on 8 v. Bowen*, 752 F.3d 827, 839-40 (9th Cir. 2014); *Alaska Right to*
15   *Life Political Action Comm. v. Feldman*, 504 F.3d 840, 848-52 (9th Cir. 2007).

16        De La Fuente's claims also fail on the merits. Under the proper test for ballot access
17   regulations, Wash. Rev. Code § 29A.56.620 easily withstands scrutiny. *See, e.g.*, *Ariz. Green*
18   *Party*, 838 F.3d at 988-89 (describing balancing test). A reasonably diligent minor party or
19   independent candidate can easily comply with the convention notice requirement found in Wash.
20   Rev. Code § 29A.56.620. Indeed, the requirement has been described as not "onerous." Sixteen
21   minor party and independent candidates have submitted public notices of their conventions in
22   the last three presidential election cycles. Moreover, Wash. Rev. Code § 29A.56.620 serves
23   Washington's important interest in notifying the public of when nominating conventions for
24   minor party and independent candidates will occur and who is sponsoring the event. Public
25   notification ensures interested voters can attend the convention to learn about the candidate or
26   party platform. It also informs anyone who wants to serve as an elector for the minor party or

DEFENDANT'S RESPONSE TO
MOTION FOR SUMMARY JUDGMENT
AND CROSS-MOTION TO DISMISS --
NO. 3:16-CV-05801-BHS

2

ATTORNEY GENERAL OF WASHINGTON
1125 Washington Street SE
PO Box 40100
Olympia, WA 98504-0100
(360) 753-6200

independent candidate when and where the convention will be held so that he or she can show up and seek selection. The statute also legitimately requires newspaper publication, a means of notice that the State requires for myriad purposes and one that Washington voters have come to expect for electoral events. Because Wash. Rev. Code § 29A.56.620 imposes a minimal requirement and serves an important government interest, this prerequisite to ballot access for minor party and independent candidates is constitutional.

In sum, De La Fuente's challenge fails. This Court should grant summary judgment to Secretary Wyman and dismiss the case.

### III.    EVIDENCE RELIED UPON

Secretary Wyman relies on the Declarations of Lori Augino and Callie A. Castillo, the exhibits attached thereto, and all of the pleadings in this case, including the Declaration of Libby Nieland (Dkt. No. 15) previously filed with the Defendant's Response to Plaintiff's Motion for Emergency Temporary Restraining Order (Dkt. No. 14).

### IV.    STATEMENT OF THE CASE

**A.    Overview of the Requirements for Minor Party and Independent Presidential Candidates to Be Placed on the Ballot in Washington**

A minor party or independent candidate for President can be nominated by a convention in Washington. Wash. Rev. Code §§ 29A.56.600-.670. The legislature has defined "convention" to mean "an *organized assemblage* of registered voters representing an independent candidate or candidates or a new or minor political party, organization, or principle." Wash. Rev. Code § 29A.56.600 (emphasis added). The convention must occur between the first Saturday in May and the fourth Saturday in July in a presidential election year. Wash. Rev. Code § 29A.56.610. A minor party or independent candidate may hold more than one convention, but "[t]o be valid, a convention must be attended by at least one hundred registered voters[.]" Wash. Rev. Code § 29A.56.610; *see also* Dkt. No. 15-1, at 18 (Nieland Decl., Ex. 3 ("At least 100 registered Washington voters must attend each meeting.")). To appear on the ballot, the minor party or

DEFENDANT'S RESPONSE TO
MOTION FOR SUMMARY JUDGMENT
AND CROSS-MOTION TO DISMISS --
NO. 3:16-CV-05801-BHS

3

ATTORNEY GENERAL OF WASHINGTON
1125 Washington Street SE
PO Box 40100
Olympia, WA 98504-0100
(360) 753-6200

1  independent candidate must collect the signatures and addresses of at least 1,000 registered

2  Washington voters on a nominating petition for the candidate of their choice. Wash. Rev. Code

3  § 29A.56.640(5). The candidate or party may add together the signatures collected at multiple

4  conventions in order to meet the 1,000-signature requirement. Wash. Rev. Code § 29A.56.610.

5       Wash. Rev. Code § 29A.56.620 provides that "[e]ach minor party or independent

6  candidate must publish a notice in a newspaper of general circulation within the county in which

7  the party or the candidate intends to hold a convention. The notice must appear at least ten days

8  before the convention is to be held, and shall state the date, time, and place of the convention."

9  The notice must also include the mailing address of the person or organization sponsoring the

10  event. Wash. Rev. Code § 29A.56.620. This requirement has been in place since 1937. Wash.

11  Rev. Code § 29A.56.620; former Wash. Rev. Code § 29.20.131 (2004-2013); former Wash. Rev.

12  Code § 29.24.025 (1989-2004); former Wash. Rev. Code § 29.24.030(2) (1937-1989)). The

13  Secretary of State's Guide for Minor Party and Independent Presidential Candidates explains

14  this notice requirement and provides a sample public notice of convention, a template, and a

15  sample affidavit of publication. Dkt. No. 15-1, at 18-19 (Nieland Decl., Ex. 3).

16       Wash. Rev. Code § 29A.56.640 requires the minor party or independent candidate to file

17  a certificate evidencing nominations made at a convention. The certificate "must" be "verified

18  by the oath of the presiding officer and secretary" of the convention, be accompanied by a

19  nominating petition "bearing the signatures and addresses of at least one thousand registered

20  [Washington] voters," and "[c]ontain proof of publication of the notice of calling the

21  convention." Wash. Rev. Code § 29A.56.640. The certificate of nomination must be submitted

22  to the Secretary of State "not later than the first Friday of August" in the presidential election

23  year. Wash. Rev. Code § 29A.56.640. Under Wash. Rev. Code § 29A.56.670, the Secretary of

24  State's Office must then determine whether the requirements listed in Wash. Rev. Code

25  § 29A.56.640 have been met and notify the presiding officer of the convention of the Secretary

26  of State's decision. The Secretary of State does not have discretion to ignore or unilaterally waive

DEFENDANT'S RESPONSE TO
MOTION FOR SUMMARY JUDGMENT
AND CROSS-MOTION TO DISMISS --
NO. 3:16-CV-05801-BHS

4

ATTORNEY GENERAL OF WASHINGTON
1125 Washington Street SE
PO Box 40100
Olympia, WA 98504-0100
(360) 753-6200

the statutory requirements. *See, e.g.*, *In re Detention of A.S.*, 138 Wash. 2d 898, 927 n.3, 982 P.2d 1156 (1999) (Madsen, J., dissenting) ("shall" and "must" are read to create mandatory obligations).

In addition, minor party and independent candidate conventions that nominate candidates for President and Vice President must also select presidential electors. Wash. Rev. Code § 29A.56.660. The list of presidential electors selected at the convention must be submitted to the Secretary of State not later than ten days after the adjournment of the convention. Wash. Rev. Code § 29A.56.660.

Any appeal regarding the Secretary of State's decision to accept or reject the certificate of nomination must be filed in the superior court of Thurston County not later than five days from the date the determination is made. Wash. Rev. Code § 29A.56.670. The appeal must be heard and finally disposed of within five days of the filing. Wash. Rev. Code § 29A.56.670. These time limits are in place under state law to facilitate timely ballot printing and mailing.

Any minor party or independent presidential candidate that does not follow these requirements may still access the ballot by submitting a declaration of candidacy as a write-in candidate. Wash. Rev. Code § 29A.24.311(1). Upon doing so, any voter may write-in the candidate's name for President and that vote will be counted the same as if the name had been printed on the ballot. Wash. Rev. Code § 29A.24.311(2); *see also* Wash. Rev. Code § 29A.60.021(1).

For the 2016 presidential election, five minor party candidates were able to meet all of Washington's statutory requirements, including the requirement that there be notice of their minor party conventions. Second Augino Decl. at 2. All five of those minor party candidates appeared on the general election ballot. In 2012, six minor party candidates were able to meet all of Washington's statutory requirements and appeared as presidential candidates on the general election ballot. *Id.* In 2008, five minor party candidates and one independent candidate were able to meet all of Washington's statutory requirements and appeared as presidential

DEFENDANT'S RESPONSE TO
MOTION FOR SUMMARY JUDGMENT
AND CROSS-MOTION TO DISMISS --
NO. 3:16-CV-05801-BHS

5

ATTORNEY GENERAL OF WASHINGTON
1125 Washington Street SE
PO Box 40100
Olympia, WA 98504-0100
(360) 753-6200

candidates on the general election ballot. Second Augino Decl. at 2. To the Secretary of State's knowledge, no minor party or independent presidential candidate seeking placement on Washington's ballot has ever failed to meet the notice requirement found in Wash. Rev. Code § 29A.56.620—except for De La Fuente. Second Augino Decl. at. 3.

**B.     De La Fuente Failed to Meet the Statutory Requirements, So the Secretary of State's Office Rejected His Certificate of Nomination**

In June 2016, the Secretary of State's Office began communicating by phone and by email with Trenton Pool who indicated he was a consultant working for De La Fuente. Dkt. No. 15, at 1 (Nieland Decl.). On June 20, 2016, the Secretary of State's Office sent Mr. Pool the Secretary of State's Office's Presidential Guide for Minor Party and Independent Candidates. Dkt. No. 15-1, at 14-34 (Nieland Decl., Exs. 3-4). The guide explains all of the requirements for minor party and independent candidates, and at pages four and five describes the convention notice requirement and provides a sample public notice of convention, a template, and a sample affidavit of publication. Dkt. No. 15-1, at 18-19 (Nieland Decl., Ex. 3). Mr. Pool received the guide five weeks before the deadline for completing minor party and independent candidate conventions, July 23, 2016. Wash. Rev. Code § 29A.56.610.

Mr. Pool submitted a certification of minor party nomination for the American Delta party, identifying De La Fuente as its nominated candidate for President. Dkt. No. 15, at 2 (Nieland Decl.); Dkt. No. 15-1, at 36-59 (Nieland Decl., Ex. 5). The certificate of nomination clearly identifies De La Fuente as the nominee of the American Delta Party, not as an independent candidate. Dkt. No. 15-1, at 37 (Nieland Decl., Ex. 5). The certification did not contain the required proof of convention notice publication. Dkt. No. 15-1, at 36-59 (Nieland Decl., Ex. 5). The Secretary of State's Office explained to Mr. Pool that the American Delta Party would need to submit proper proof of the notice publication. Dkt. No. 15-1, at 61-62 (Nieland Decl., Ex. 6). It also explained that the deadline for submitting the required proof was August 5, 2016. *Id.*

DEFENDANT'S RESPONSE TO
MOTION FOR SUMMARY JUDGMENT
AND CROSS-MOTION TO DISMISS --
NO. 3:16-CV-05801-BHS

6

ATTORNEY GENERAL OF WASHINGTON
1125 Washington Street SE
PO Box 40100
Olympia, WA 98504-0100
(360) 753-6200

1      Mr. Pool attempted to cure the defect in the certification, but his submission, an unsworn

2 personal statement with no affidavit of publication from a newspaper, still did not meet the

3 statutory requirements. Dkt. No. 15-1, at 64-67 (Nieland Decl., Exs. 7, 8). Mr. Pool's submission

4 also mentioned nothing about having any concerns about the convention notice requirements.

5 Dkt. No. 15-1, at 64 (Nieland Decl., Ex. 7). Instead, he described their process as being a "very

6 successful series of conventions" garnering "signatures of 2,600 Washington voters who

7 attended the conventions" based on their "wide-spread publication." *Id.*

8      While De La Fuente produced evidence after this litigation commenced that someone

9 had posted notice of the convention via a single Facebook post, Castillo Decl. at 1, neither

10 De La Fuente nor Mr. Pool provided copies or documentation of the Facebook post to the

11 Secretary of State's Office. Dkt. No. 15, at 2-3 (Nieland Decl.). Nevertheless, given the plain

12 statutory requirement, the Facebook post would not have been accepted as proper proof of

13 convention notice publication because Facebook is not a newspaper of general circulation. *Id.*

14      Neither Mr. Pool, nor any other representative of De La Fuente was able to provide the

15 required proof that notice of the nominating convention(s) was ever published as required. Dkt.

16 No. 15, at 3 (Nieland Decl.). The Secretary of State's Office therefore rejected the certificate of

17 nomination for insufficiency under Wash. Rev. Code §§ 29A.56.620, .640, and .670 on

18 August 8, 2016. Dkt. No. 15-1, at 83-84 (Nieland Decl., Ex. 10). The rejection letter was

19 addressed to the presiding officer of the convention as required by statute, Wash. Rev. Code

20 § 29A.56.670, and the Secretary of State's Office provided the statutory appeal process and

21 deadlines. *Id.* A representative of De La Fuente then asked the Secretary of State to reconsider,

22 but that request was denied August 11, 2016. Second Augino Decl., Ex. 1. Neither De La Fuente,

23 nor any representative of his, filed an appeal of the Secretary of State's decision in Thurston

24 County Superior Court within the statutory deadline. Instead, on September 21, 2016, De La

25 Fuente filed this action and sought an emergency temporary restraining order asking this Court

26

DEFENDANT'S RESPONSE TO
MOTION FOR SUMMARY JUDGMENT
AND CROSS-MOTION TO DISMISS --
NO. 3:16-CV-05801-BHS

7

ATTORNEY GENERAL OF WASHINGTON
1125 Washington Street SE
PO Box 40100
Olympia, WA 98504-0100
(360) 753-6200

1    to enjoin the Secretary from enforcing Wash. Rev. Code. § 29A.56.620 and to reprint the ballots

2    for the 2016 general election. Dkt. No. 1. This Court declined. Dkt. No. 18.

3         De La Fuente successfully filed a declaration of candidacy as a write-in candidate for

4    President for the 2016 general election. Second Augino Decl., Ex. 2.

5                              **V.    ARGUMENT**

6    **A.    Summary Judgment Standard**

7         Summary judgment is appropriate when there is "no genuine dispute as to any material

8    fact" and the petitioner is "entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). Facts

9    are viewed in the light most favorable to the nonmoving party "'only if there is a "genuine"

10   dispute as to those facts.'" *Ricci v. DeStefano*, 557 U.S. 557, 586 (2009) (quoting *Scott v. Harris*,

11   550 U.S. 372, 380 (2007)). A court may grant summary judgment for the non-moving party if

12   the losing party had a "full and fair opportunity to ventilate the issues involved in the matter."

13   *Gospel Missions of Am. v. City of Los Angeles*, 328 F.3d 548, 553 (9th Cir. 2003) (quoting *Cool*

14   *Fuel, Inc. v. Connett*, 685 F.2d 309, 312 (9th Cir. 1982)). There are no genuine issues of material

15   fact that prevent this Court from entering summary judgment to dismiss this action. Further,

16   De La Fuente bears the burden of proving that he has standing to bring this action. *Lujan v. Defs.*

17   *of Wildlife*, 504 U.S. 555, 560 (1992). Once the Secretary of State has met her burden under Fed.

18   R. Civ. P. 56(a), De La Fuente cannot rest on "mere allegations," but must "set forth by affidavit

19   or other evidence" the "specific facts" of his standing to bring these claims. *Lujan*, 504 U.S. at

20   561 (internal quotation marks omitted).

21   **B.    This Case is Not Justiciable Because of De La Fuente's Lack of Standing, Mootness, and Ripeness**

22

23        Federal courts do not render advisory opinions or declare rights in hypothetical cases.

24   *Thomas v. Anchorage Equal Rights Comm'n*, 220 F.3d 1134, 1138 (9th Cir. 2000) (en banc); *see*

25   *also Golden*, 394 U.S. at 108. Instead, article III of the federal Constitution limits the judicial

26   power of federal courts to "cases" and "controversies." *Flast v. Cohen*, 392 U.S. 83, 94 (1968).

DEFENDANT'S RESPONSE TO
MOTION FOR SUMMARY JUDGMENT
AND CROSS-MOTION TO DISMISS --
NO. 3:16-CV-05801-BHS

8

ATTORNEY GENERAL OF WASHINGTON
1125 Washington Street SE
PO Box 40100
Olympia, WA 98504-0100
(360) 753-6200

1    The Court is thus precluded from exercising jurisdiction unless the plaintiff can prove some

2    actual or threatened injury that is fairly traceable to the action challenged and that is likely to be

3    redressed by a favorable decision. *Culinary Workers Union*, *Local 226 v. Del Papa*, 200 F.3d

4    614, 617 (9th Cir. 1999). Further, when the plaintiff seeks declaratory and injunctive relief,

5    "there must be a substantial controversy . . . of sufficient immediacy and reality to warrant the

6    issuance of a declaratory judgment." *Id.* (alteration in original) (internal quotation marks

7    omitted) (quoting *Ross v. Alaska*, 189 F.3d 1107, 1114 (9th Cir. 1999)). These limits on

8    justiciability are found in the doctrines of standing, mootness, and ripeness, of which the latter

9    two have been described as the "doctrine of standing set in a time frame." *See Thomas*, 220 F.3d

10   at 1138 (internal quotation marks omitted) (quoting *U.S. Parole Comm'n v. Geraghty*, 445

11   U.S. 388, 397 (1980)). All three prevent this Court's consideration of this matter.

12       **1.**     **De La Fuente lacks standing to enjoin application of Wash. Rev. Code**

13               **§ 29A.56.620 for a future, hypothetical status that he did not hold in the 2016 election**

14       Standing to bring a claim is a "controlling element[] in the definition of a case or

15   controversy." *Alaska Right to Life Political Action Comm.*, 504 F.3d at 848 (alteration in

16   original). The plaintiff must prove that he has suffered an "injury in fact," that his injury is "fairly

17   traceable" to the Defendant's actions, and that his injury will likely be "redressed" by this action.

18   *Gospel Missions of Am.*, 328 F.3d at 554 (citing *Lujan*, 504 U.S. at 560-61). As part of this

19   inquiry, the plaintiff must establish a "personal stake in the outcome" so as to assure "concrete

20   adverseness" in the controversy. *Baker v. Carr*, 369 U.S. 186, 204 (1962). Further, the remedy

21   sought must be "limited to the inadequacy that produced the injury in fact" in the beginning. *See*

22   *Lewis v. Casey*, 518 U.S. 343, 357 (1996) (citing *Missouri v. Jenkins*, 515 U.S. 70, 88, 89 (1995)

23   ("[T]he nature of the . . . remedy is to be determined by the nature and scope of the constitutional

24   violation" (alterations in *Missouri*))). Otherwise, the plaintiff is inappropriately asking the court

25   to issue an advisory opinion on the constitutionality of a statute to address some hypothetical or

26   theoretical event. *See Golden*, 394 U.S. at 108-10 (rejecting challengers' claim that a former

DEFENDANT'S RESPONSE TO
MOTION FOR SUMMARY JUDGMENT
AND CROSS-MOTION TO DISMISS --
NO. 3:16-CV-05801-BHS

9

ATTORNEY GENERAL OF WASHINGTON
1125 Washington Street SE
PO Box 40100
Olympia, WA 98504-0100
(360) 753-6200

1    Congressman could be a candidate again as insufficient prospect of "immediacy and reality" to

2    establish standing). That is exactly what De La Fuente asks of the Court here.

3         In his complaint, De La Fuente asked this Court to declare Wash. Rev. Code

4    § 29A.56.620 unconstitutional as applied to independent candidates for President. Dkt. No. 1, at

5    6-8. De La Fuente, however, cannot reasonably dispute that he did not seek placement on

6    Washington's 2016 general election ballot as an independent presidential candidate. He sought

7    placement on the ballot as the American Delta Party's presidential nominee. *See, e.g.*, Dkt.

8    No. 15-1 (Nieland Decl., Exs. 5, 8-10); Second Augino Decl., Exs. 1, 2. It is nonsensical for

9    De La Fuente to ask this Court to find the statute unconstitutional as applied to a category of

10   candidate to which he was not a participant and for which he cannot claim injury. It is even more

11   nonsensical for him to ask for a remedy that would not redress the harm that he allegedly suffered

12   from the Secretary's rejection of his nomination packet as a minor party candidate for failing to

13   comply with Wash. Rev. Code § 29A.56.620's convention notice requirements.

14        De La Fuente attempts to cure this pleading defect by now asking this Court on summary

15   judgment to find Wash. Rev. Code § 26A.56.620 unconstitutional on its face and enjoin the

16   Secretary from applying the statute to *any* future presidential or vice-presidential candidate. *See*

17   Dkt. No. 30, at 5, 27. But it is not enough that De La Fuente may someday run again as a

18   presidential candidate to establish that he has sufficient standing to obtain his requested relief of

19   striking down the statute in all of its applications. *See, e.g.*, *Whitmore v. Arkansas*, 495 U.S. 149,

20   158 (1990) ("Allegations of possible future injury do not satisfy the requirements of Art. III. A

21   threatened injury must be " 'certainly impending' " to constitute injury in fact."); *Golden*, 394

22   U.S. at 110 ("The power of courts . . . to pass upon the constitutionality of acts of [states] arises

23   only when the interests of litigants require the use of this judicial authority for their protection

24   against actual interference. A hypothetical threat is not enough."(alterations in *Golden*) (quoting

25   *United Pub. Workers of Am. (C.I.O.) v. Mitchell*, 330 U.S. 75, 89-90 (1947))). De La Fuente

26

DEFENDANT'S RESPONSE TO
MOTION FOR SUMMARY JUDGMENT
AND CROSS-MOTION TO DISMISS --
NO. 3:16-CV-05801-BHS

10

ATTORNEY GENERAL OF WASHINGTON
1125 Washington Street SE
PO Box 40100
Olympia, WA 98504-0100
(360) 753-6200

must prove that there is a live controversy now. *Whitemore*, 495 U.S. at 158. He cannot meet this burden, and therefore the Court should dismiss the matter for lack of standing.

### 2. Any alleged harm that De La Fuente suffered as a minor party candidate during the 2016 election cannot be redressed, and so the matter is moot

An actual controversy must exist throughout all stages of the litigation. *Already, LLC v. Nike, Inc.*, 568 U.S. 85, 91 (2013). A case becomes moot if there is no longer a "live" controversy or a party lacks "a legally cognizable interest" in the case. *Id.* As the Ninth Circuit has noted, whether a controversy continues to exist does not turn on the plaintiff's subjective belief that some "unlawful conduct occurred." *Timbisha Shoshone Tribe v. U.S. Dep't of Interior*, 824 F.3d 807, 812 (2016) (citing *Already, LLC*, 568 U.S. at 91). Rather, the proper test for mootness is whether a substantial, immediate, and real dispute continues to exist that warrants relief from the court. *Id.* As stated by the Ninth Circuit in another way, the "central question" is "whether changes in the circumstances that prevailed at the beginning of ligation have forestalled any occasion for meaningful relief." *Ctr. for Biological Diversity v. Lohn*, 511 F.3d 960, 963 (9th Cir. 2007) (quoting *Gator.com Corp. v. L.L. Bean, Inc.*, 398 F.3d 1125, 1129 (9th Cir. 2005) (en banc)).

Here, the 2016 general election has come and gone. This Court can no longer provide De La Fuente with any relief. To the extent that De La Fuente claims injury from the Secretary's enforcement of Wash. Rev. Code § 29A.56.620 during the 2016 election, this Court can provide no effective injunctive relief to De La Fuente to cure his lack of placement on the ballot. *Ariz. Green Party*, 838 F.3d at 987 (finding a matter moot when the court could no longer grant relief as to prior election). Further, to the extent that De La Fuente seeks declaratory relief as to the constitutionality of the Secretary's enforcement of Wash. Rev. Code § 29A.56.620 against him, there is no longer a "live" controversy for this Court to address. *Cf. Ctr. for Biological Diversity*, 511 F.3d at 964 (finding that enforcement of a policy that *might* affect the plaintiff sometime in the future to be too remote and speculative to save the matter from mootness).

DEFENDANT'S RESPONSE TO
MOTION FOR SUMMARY JUDGMENT
AND CROSS-MOTION TO DISMISS --
NO. 3:16-CV-05801-BHS

11

ATTORNEY GENERAL OF WASHINGTON
1125 Washington Street SE
PO Box 40100
Olympia, WA 98504-0100
(360) 753-6200

1    De La Fuente is likely to contend that this case falls under the exception for "wrongs

2    capable of repetition yet evading review." *See Ctr. for Biological Diversity*, 511 F.3d at 964-65;

3    *Ariz. Green Party*, 838 F.3d at 987. He would be incorrect. This exception to mootness applies

4    only when two criteria are met: (1) there must be a reasonable expectation that the same

5    complaining party will be subject to the same injury again and (2) the injury suffered must be of

6    a type inherently limited in duration such that it is likely always to become moot before the

7    litigation can be completed. *Ctr. for Biological Diversity*, 511 F.3d at 965; *see also*

8    *Protectmarriage.com–Yes on 8*, 752 F.3d at 836. Courts further apply the exception only

9    "sparingly" and in "exceptional situations." *ProtectMarriage.com–Yes on 8*, 752 F.3d at 836-37.

10   This case meets none of these criteria.

11   First, it is entirely speculative for De La Fuente to contend that he *will* be subject to the

12   same injury again. The 2020 Presidential election is years away. Even if De La Fuente were to

13   decide to run for President again as a minor party (or even an independent) candidate, there is

14   nothing to suggest that De La Fuente *cannot* comply with Wash. Rev. Code § 29A.56.620's

15   convention notice requirement to successfully complete the requirements for placement of his

16   name on Washington's ballot. As Washington's election history shows, numerous minor party

17   and independent presidential candidates have successfully satisfied this requirement without

18   incident. Second Augino Decl. at 2. Except for his singular failure in 2016, nothing suggests that

19   De La Fuente could not do the same. He has offered no concrete plan to ignore the notice

20   requirement a second time. Further, there is nothing to suggest that De La Fuente *should not* be

21   required to comply with Wash. Rev. Code § 29A.56.620. As explained further below in Section

22   C, the statute is a valid prerequisite to access Washington's ballot.

23   Second, even assuming De La Fuente were subject to the same purported injury in 2020,

24   there is no reason why—with a modicum of diligence—De La Fuente could not seek timely

25   judicial intervention. *Cf. Protectmarriage.com–Yes on 8*, 752 F.3d at 837 (mootness exception

26   does not apply "where through [a party's] own failure to seek and obtain [prompt relief] he has

DEFENDANT'S RESPONSE TO
MOTION FOR SUMMARY JUDGMENT
AND CROSS-MOTION TO DISMISS --
NO. 3:16-CV-05801-BHS

12

ATTORNEY GENERAL OF WASHINGTON
1125 Washington Street SE
PO Box 40100
Olympia, WA 98504-0100
(360) 753-6200

prevented [an] appellate court from reviewing the trial court's decision" (first alteration ours)). In this case, De La Fuente, through his campaign representative, had notice of Washington's minor party and independent candidate requirements on June 20, 2016, five weeks before the deadline to turn in his nomination packet. Dkt. No. 15, at 1-2 (Nieland Decl.); Dkt. No. 15-1 (Nieland Decl., Exs. 3-4). De La Fuente also had notice by at least August 1, 2016, that the American Delta Party had not provided proof of his convention notices and still had five days to cure the deficiency. Dkt. No. 15, at 2 (Nieland Decl.); Dkt. No. 15-1 (Nieland Decl., Ex. 6). Then, on August 8, 2016, and again on August 11, 2016, De La Fuente had notice of his statutory appeal right to challenge the Secretary's decision to reject the American Delta Party's certificate of nomination for his placement on Washington's ballot. Dkt. No. 15-1 (Nieland Decl., Ex. 10); Second Augino Decl., Ex. 1. Yet De La Fuente chose not to exercise any of these options, and instead filed this lawsuit twenty-nine days later on September 19, 2016, and sought a temporary restraining order two days after that to have his name forced on Washington's ballots—after Washington had already printed and begun mailing them. *See* Dkt. Nos. 1, 9-10, 14. From this timeline, the Court can legitimately conclude that De La Fuente now has plenty of notice and fair warning of the need to seek timely judicial action as to Washington's ballot requirements. Should De La Fuente find himself in the same position for the 2020 Presidential election, there is no reason why he could not seek a judicial determination in time to decide whether effective relief should be granted.

### 3.   Any Concern with Wash. Rev. Code § 29A.56.620 for the 2020 Election is Speculative and Hypothetical, and So the Matter is Not Yet Ripe

The ripeness doctrine "prevent[s] the courts, through avoidance of premature adjudication, from entangling themselves in abstract disagreements." *Thomas*, 220 F.3d at 1138 (quoting *Abbott Labs. v. Gardner*, 387 U.S. 136, 148 (1967)). Its purpose is to identify matters that are premature because the injury is speculative or may never occur. *Protectmarriage.com–Yes on 8*, 752 F.3d at 838. The doctrine has both constitutional and prudential components, with

DEFENDANT'S RESPONSE TO
MOTION FOR SUMMARY JUDGMENT
AND CROSS-MOTION TO DISMISS --
NO. 3:16-CV-05801-BHS

13

ATTORNEY GENERAL OF WASHINGTON
1125 Washington Street SE
PO Box 40100
Olympia, WA 98504-0100
(360) 753-6200

the key inquiry being one of "timing" such that the court must be satisfied that the issues are "definite and concrete, not hypothetical or abstract." *Thomas*, 220 F.3d at 1138-39 (quoting *Ry. Mail Ass'n v. Corsi*, 326 U.S. 88, 93 (1945)). In other words, the court must assure itself that the plaintiff faces "a realistic danger of sustaining a direct injury as a result of [a] statute's operation or enforcement, or whether the alleged injury is too imaginary or speculative to support jurisdiction." *Thomas*, 220 F.3d at 1138-39 (citation omitted) (internal quotation marks omitted). Courts will sometimes relax this standard in First Amendment challenges if the plaintiff can establish he "is *immediately* in danger of sustaining[ ] a direct injury as a result of [an executive or legislative] action." *Alaska Right to Life Political Action Comm.*, 504 F.3d at 851 (emphasis added) (alternations in original) (quoting *Laird v. Tatum*, 408 U.S. 1, 12-13 (1972)). There is no immediacy, much less danger of injury here.

De La Fuente seeks prospective relief from enforcement of Wash. Rev. Code § 29A.56.620 solely based on the premise that he intends to run again for President in the future. *See* Dkt. No. 30, at 7. The next presidential election is not until November 2020. There are myriad events and occurrences that can occur in the intervening years that could change De La Fuente's campaign plans. De La Fuente could also bring his policy concerns about the notice requirement before the Washington Legislature, the body that can appropriately address this issue, before 2020. De La Fuente cannot establish that a concrete, definite controversy exists to require this Court's immediate attention.

In sum, this case is not justiciable because De La Fuente lacks standing to bring this action, any prior controversy as to the 2016 election is moot, and any concerns for the 2020 election are not yet ripe. The Court should dismiss the matter for lack of "case" or "controversy."

**C.      Wash. Rev. Code § 29A.56.620 is a Constitutional Prerequisite to Accessing Washington's Ballot**

Even if this case were justiciable, De La Fuente has not carried his "heavy burden of persuasion" to show that Wash. Rev. Code § 29A.56.620 is unconstitutional in all, or even some,

DEFENDANT'S RESPONSE TO
MOTION FOR SUMMARY JUDGMENT
AND CROSS-MOTION TO DISMISS --
NO. 3:16-CV-05801-BHS

14

ATTORNEY GENERAL OF WASHINGTON
1125 Washington Street SE
PO Box 40100
Olympia, WA 98504-0100
(360) 753-6200

1  of its applications. *See Crawford v. Marion Cty. Election Bd.*, 553 U.S. 181, 200 (2008); *Wash.*

2  *State Grange v. Wash. State Republican Party*, 552 U.S. 442, 450 (2008). To succeed with his

3  facial claim, De La Fuente must "establish that no set of circumstances exists under which

4  [Wash. Rev. Code § 29A.56.620] would be valid, or that the statute lacks any plainly legitimate

5  sweep." *United States v. Stevens*, 559 U.S. 460, 472 (2010) (citation omitted) (internal quotation

6  marks omitted). A second type of facial attack exists in the First Amendment context where "a

7  law may be invalidated as overbroad if a substantial number of its applications are

8  unconstitutional, judged in relation to the statute's plainly legitimate sweep." *Id.* at 473 (internal

9  quotation marks omitted) (quoting *Wash. State Grange*, 552 U.S. at 449 n.6). This latter doctrine

10  will not be applied if the plaintiff fails to describe the statute's overbreadth, *Wash. State Grange*,

11  552 U.S. at 449 n.6, and even then the doctrine is to be used "sparingly" and "only as a last

12  resort." *New York State Club Ass'n, Inc. v. City of New York*, 487 U.S. 1, 14 (1988); *see also*

13  *United States v. Williams*, 553 U.S. 285, 293 (2008) ("Invalidation for overbreadth is strong

14  medicine that is not to be casually employed." (Internal quotation marks omitted.)).  Regardless

15  of the type of facial inquiry, De La Fuente must not ask this court "to go beyond the statute's

16  facial requirements and speculate about 'hypothetical' or 'imaginary' cases." *Wash. State*

17  *Grange*, 552 U.S. at 450. The court must instead construe Wash. Rev. Code § 29A.56.620 as it

18  is written because only then can the court determine whether it reaches "too far" in prohibiting

19  any expressive activity. *See Williams*, 553 U.S. at 293, 297. Here, De La Fuente fundamentally

20  mischaracterizes the application and purpose of Washington's convention notice requirement.

21  Contrary to his claims, Wash. Rev. Code § 29A.56.620 does not bar political speech or restrict

22  petitioning activity in Washington. Instead, the convention notice requirement constitutes a

23  legitimate ballot regulation that only minimally burdens candidates' access to the ballot and

24  furthers Washington's interest in notifying the public of when independent candidate and minor

25  party nominating conventions will occur and who will sponsor the event. This is all that is

26  necessary to satisfy the Constitution under the courts' well-established balancing test for ballot

DEFENDANT'S RESPONSE TO
MOTION FOR SUMMARY JUDGMENT
AND CROSS-MOTION TO DISMISS --
NO. 3:16-CV-05801-BHS

15

ATTORNEY GENERAL OF WASHINGTON
1125 Washington Street SE
PO Box 40100
Olympia, WA 98504-0100
(360) 753-6200

access regulations. *See, e.g.*, *Ariz. Green Party*, 838 F.3d at 988-89 (citing *Anderson v. Celebrezze*, 460 U.S. 780 (1983); *Burdick v. Takushi*, 504 U.S. 428 (1992)).

    **1.    Wash. Rev. Code § 29A.56.620 Does Not Impose a Severe Burden and Serves an Important Government Interest in Ensuring that Voters Have Notice of Minor Party and Independent Conventions**

The United States Supreme Court has long recognized a state's expansive power to prescribe the election process within broad constitutional bounds. *E.g.*, *Wash. State Grange*, 552 U.S. at 451; *Clingman v. Beaver*, 544 U.S. 581, 586 (2005); *Bullock v. Carter*, 405 U.S. 134, 141 (1972). As the Court has recognized, states have "a legitimate interest in regulating the number of candidates on the ballot." *Bullock*, 405 U.S. at 145. The States' interest also includes the "duty" to protect the integrity of the political process from frivolous or fraudulent candidacies. *Id.* Accordingly, "States [have] significant flexibility in implementing their own voting systems." *John Doe No. 1 v. Reed*, 561 U.S. 186, 195 (2010). "To the extent a regulation concerns the legal effect of a particular activity in that process, the government will be afforded substantial latitude to enforce that regulation." *Id.* at 195-96. This is because the Court recognizes that "as a practical matter, there must be a substantial regulation of elections if they are to be fair and honest and if some sort of order, rather than chaos, is to accompany the democratic processes." *Anderson*, 460 U.S. at 788 (quoting *Storer v. Brown*, 415 U.S. 724, 730 (1974)).

Accordingly, the Court rejected resolving challenges to state election laws by "any 'litmus-paper test.'" *Anderson*, 460 U.S. at 789 (quoting *Storer*, 415 U.S. at 730). Instead, the Court chose to apply a flexible approach that weighs the "character and magnitude of the asserted injury" against "the precise interests put forward by the State as justifications for the burden imposed by its rule." *Anderson*, 460 U.S. at 789. "In passing judgment, the Court must not only determine the legitimacy and strength of each of those interests; it also must consider the extent to which those interests make it necessary to burden the plaintiff's rights." *Id.* Only if a state election law imposes "'severe' restrictions" must it also be "narrowly drawn to advance a state interest of compelling importance" to pass constitutional muster. *Burdick*, 504 U.S. at 434

DEFENDANT'S RESPONSE TO
MOTION FOR SUMMARY JUDGMENT
AND CROSS-MOTION TO DISMISS --
NO. 3:16-CV-05801-BHS

16

ATTORNEY GENERAL OF WASHINGTON
1125 Washington Street SE
PO Box 40100
Olympia, WA 98504-0100
(360) 753-6200

1  (quoting *Norman v. Reed*, 502 U.S. 279, 289 (1992)). If, on the other hand, the law imposes

2  "only 'reasonable, nondiscriminatory restrictions,'" then the State's "'important regulatory

3  interests'" generally suffice to justify restrictions. *Burdick*, 504 U.S. at 434 (quoting *Anderson*,

4  460 U.S. at 788).

5        Under this analysis, the appropriate level of scrutiny depends upon the severity of the

6  burden, which the plaintiff bears the burden of specifically proving. *Burdick*, 504 U.S. at 434;

7  *Ariz. Green Party*, 838 F.3d at 989. If the burden on the plaintiff's rights is severe, then this

8  Court must apply strict scrutiny. *Wash. State Republican Party v. Wash. State Grange*, 676 F.3d

9  784, 793 (9th Cir. 2012). But if the state's ballot access regulation imposes only a slight burden,

10  the requirements will survive review so long as they further a state's "important regulatory

11  interests." *Id.* at 794 (quoting *Nader v. Brewer*, 531 F.3d 1028, 1035 (9th Cir. 2008)); *see also*

12  *Anderson*, 460 U.S. at 788. When determining whether a burden is severe, the Ninth Circuit has

13  looked to whether "'reasonably diligent' minor party candidates can normally gain a place on

14  the ballot, or if instead they only rarely will succeed." *Ariz. Libertarian Party v. Reagan*, 798

15  F.3d 723, 730 (9th Cir. 2015); *see also Storer*, 415 U.S. at 742 (posing the question: "could a

16  reasonably diligent independent candidate be expected to satisfy the . . . requirements"?; and

17  considering candidates' past success or failure in obtaining ballot access); *Wash. State*

18  *Republican Party*, 676 F.3d at 794.

19        Here, the burden imposed by the convention notice requirement is slight as evidenced by

20  the multiple minor party and independent candidates who have been able to gain access to the

21  Washington ballot as presidential candidates in recent history. Second Augino Decl. at 2. Five

22  other minor party presidential candidates were successful in meeting the convention publication

23  requirements in 2016. *Id.* For example, the Libertarian Party held conventions in multiple

24  counties that were structured so that there were sometimes multiple meeting times and locations

25  in a single county. Dkt. No. 15-1 (Nieland Decl., Ex. 11). The notices also provided that the

26  conventions would meet at a time and date certain, but the convention could then be continued

DEFENDANT'S RESPONSE TO
MOTION FOR SUMMARY JUDGMENT
AND CROSS-MOTION TO DISMISS --
NO. 3:16-CV-05801-BHS

17

ATTORNEY GENERAL OF WASHINGTON
1125 Washington Street SE
PO Box 40100
Olympia, WA 98504-0100
(360) 753-6200

to such time as necessary until all of the convention business was completed. *Id*. Likewise, the Green Party also published notices and held conventions in multiple counties, deciding it was "good party building activity." Castillo Decl., Ex. 2 (Grage Dep. 20:22-21:11, 24:20-25:2).

Prior presidential election years have produced similar results. In 2012, six minor party candidates were able to meet all of Washington's statutory requirements and appeared as presidential candidates on the general election ballot. Second Augino Decl. at 2. In 2008, five minor party candidates and one independent candidate were able to meet all of Washington's statutory requirements and appeared as presidential candidates on the general election ballot. *Id.*; *contrast with Nader v. Brewer*, 531 F.3d 1028, 1031 (9th Cir. 2008) (no minor candidate had qualified for the ballot in 15 years). This historical evidence demonstrates that reasonably diligent presidential candidates have often met Washington's convention notice requirement and gained access to Washington's general election ballot.

Finally, Washington's history of placing multiple minor party and independent candidates on the presidential ballot shows that its regulations are far from being the type of "stringent ballot access requirements" for presidential elections that have troubled other campaigns. *See* Castillo Decl., Ex. 2 (Grage Dep. at 12:5-18, 14:4-15, 16:20-17:3, 34:16-35:3, describing ease of Washington's requirements in comparison to other states). Unlike the impermissible early filing deadline in *Anderson*, Washington's notice requirement does not place a significant state-imposed restriction on the nationwide electoral process such that federal minor party candidates cannot gain access to the state ballot. *See Anderson*, 460 U.S. at 795. Indeed, there is no proof that De La Fuente's list of Wash. Rev. Code § 29A.56.620 purported "costs" have impaired any campaign from accessing Washington's ballot. *See* Dkt. No. 30, at 25.[1]

---

[1] De La Fuente's ballot access coordinator, Mr. Pool, had previously represented to the Secretary of State that De La Fuente's campaign had published their conventions "utilizing the largest news company in your state" and that they ended up having "a very successful series of conventions" attended by voters. Dkt. No. 15-1, at 64 (Nieland Decl., Ex. 7). It is troubling that Mr. Pool now contends that De La Fuente "definitely didn't have a convention" or approach a newspaper to post the conventions notice because of his purported confusion on the law. Dkt. No. 31-3, at 7 (Foreman Decl., Ex. C (Pool De.p) 20:2-13). This discrepancy in De La Fuente's record is ultimately immaterial to the question before this Court. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248-51

DEFENDANT'S RESPONSE TO
MOTION FOR SUMMARY JUDGMENT
AND CROSS-MOTION TO DISMISS --
NO. 3:16-CV-05801-BHS

18

ATTORNEY GENERAL OF WASHINGTON
1125 Washington Street SE
PO Box 40100
Olympia, WA 98504-0100
(360) 753-6200

1   Instead, as shown, the notice requirement can be easily met and federal minor party and

2   independent candidates have regularly achieved ballot access in Washington, assuming they

3   apply reasonable diligence.

4        Wash. Rev. Code § 29A.56.620 is therefore valid if it furthers the State's "important

5   regulatory interests," and it does. *Wash. State Republican Party*, 676 F.3d at 793-94. The voting

6   public has a strong interest in participation in, and therefore notice of, minor party and

7   independent candidate conventions. Washington requires an "organized assemblage" of at least

8   one hundred registered voters. Wash. Rev. Code §§ 29A.56.600, .610. These public gatherings

9   are important because they often provide the voting public with the first opportunity to learn

10  about a minor party or an independent candidate and their platform. Registered voters who want

11  to support an minor party or independent candidate must choose well because they can sign only

12  one nominating petition. Wash. Rev. Code § 29A.56.630. This informational function of the

13  convention can be fulfilled only if the public receives adequate notice of the convention's time,

14  place, and location.

15       Washington voters also have an interest in knowing who is sponsoring a particular

16  convention and having a point of contact if they want to know more about the minor party and

17  independent candidate Wash. Rev. Code § 29A.56.620 serves this important informational

18  interest by requiring publication of the mailing address of the person or organization sponsoring

19  the convention.

20       Minor party and independent candidate conventions must also select a slate of

21  presidential electors. Wash. Rev. Code § 29A.56.660; *see also* Wash. Rev. Code § 29A.56.320

22  ("In the year in which a presidential election is held, each major political party and each minor

23  political party or independent candidate convention that nominates candidates for president and

24  vice president of the United States shall nominate presidential electors for this state."). If a

25  
26  (1986) (discussing standard for a "material fact").Whether or not Mr. Pool was actually confused about the convention requirements or simply did not follow the law does not change the analysis that Wash. Rev. Code § 29A.56.620's notice requirement imposes minimal burdens on minor party and independent candidates.

DEFENDANT'S RESPONSE TO
MOTION FOR SUMMARY JUDGMENT
AND CROSS-MOTION TO DISMISS --
NO. 3:16-CV-05801-BHS

19

ATTORNEY GENERAL OF WASHINGTON
1125 Washington Street SE
PO Box 40100
Olympia, WA 98504-0100
(360) 753-6200

1   Washington citizen wants to be selected to serve as an elector for a minor party or independent

2   candidate on behalf of the State, he or she must know when and where to show up for the

3   convention.

4       Notice in a newspaper of general circulation[2] has been the method of notice for minor

5   party and independent candidate conventions for decades. *See* former Wash. Rev. Code

6   § 29.20.131 (2004-2013); former Wash. Rev. Code § 29.24.025 (1989-2004); former Wash. Rev.

7   Code § 29.24.030(2) (1937-1989). While De La Fuente dismisses this "tradition," Dkt. 30, at 25,

8   it is reasonable to conclude that given this longstanding requirement, newspaper publication is

9   the means through which interested citizens expect to be notified of independent and minor party

10  conventions. And newspaper publication is still the statutorily required means of notice in

11  numerous important circumstances including, for example, giving notice of primary, general,

12  and special elections, Wash. Rev. Code § 29A.28.050, Wash. Rev. Code § 29A.52.355, and

13  service on civil defendants in some circumstances, Wash. Rev. Code § 4.28.110.[3] And, anyone

14  looking for a particular newspaper notice, including notice of a minor party or independent

15  convention, can find the notices on the Internet. *See, e.g.*, http://www.wapublicnotices.com/ (last

16  visited Oct. 23, 2017).

17      This Court should conclude that Washington's convention notice requirement imposes a

18  minor burden on parties and candidates, but it serves important government interests. As a result,

19  it is a constitutional prerequisite to ballot access for minor party and independent candidates.

20

21          [2] "Newspaper of general circulation" is a specific term defined and used in state law. *See, e.g.*, Wash. Rev.
    Code § 65.16.020 (defining a legal newspaper); *Times Printing Co. v. Star Publ'g Co.*, 99 P. 1040 (Wash. 1909)
22  (discussing a "newspaper of general circulation"); *Puget Sound Publ'g Co. v. Times Printing Co.*, 74 P. 802 (Wash.
    1903) (same). By state law, each county must maintain and post in their office a list of approved legal newspapers.
23  Wash. Rev. Code § 65.16.070. State law also limits the cost that newspapers may charge for notices. Wash. Rev.
    Code § 65.16.091.
24          [3] *See also* Wash. Rev. Code § 7.60.200 (Notice to creditors and other parties in interest); Wash. Rev. Code
    § 15.28.060 (Notice of nominating meetings for the Soft Tree Fruit Commission); Wash. Rev. Code § 15.65.070
25  (Notice of hearing on proposal for Agricultural Commodity Boards); Wash. Rev. Code § 17.06.050 (Notice of
    meeting of Intercounty Weed Districts); Wash. Rev. Code § 28A.320.025 (Notice of hearing for school district
26  name change); Wash. Rev. Code § 29A.36.230 (Notice of election for regional transportation investment districts);
    Wash. Rev. Code § 31.12.681 (Notice of claims against credit union in receivership); and many others.

DEFENDANT'S RESPONSE TO
MOTION FOR SUMMARY JUDGMENT
AND CROSS-MOTION TO DISMISS --
NO. 3:16-CV-05801-BHS

20

ATTORNEY GENERAL OF WASHINGTON
1125 Washington Street SE
PO Box 40100
Olympia, WA 98504-0100
(360) 753-6200

D.     **Wash. Rev. Code § 29A.56.620 Does Not Restrain Speech**

In order to escape the deference that courts give to reasonable state electoral requirements and to invoke strict scrutiny, De La Fuente contends that Washington's convention notice requirement is not a "normal" ballot access requirement because it serves as a bar to "core political speech" by restricting "petitioning activity." *See* Dkt. No. 30, at 16. He also likens the notice requirement to a "temporary prior restraint" that censors speech within a specified area. *Id.* at 18-19. But, in making these arguments, De La Fuente conflates the notice requirement found in Wash. Rev. Code § 29A.56.620 with the State's other requirements for minor party and independent candidate conventions, which are not challenged or at issue in this case. *See* Wash. Rev. Code §§ 29A.56.600, .610, .630-.660. De La Fuente cannot explain how the convention notice requirement alone, which serves to ensure that interested voters have an opportunity to participate in the minor party and independent candidate convention process and to serve as electors, somehow amounts to a burden on the right to petition or a prior restraint.

De La Fuente can also provide no proof that the Secretary of State's Office interprets the statutory convention requirements to be "watered down" so much that minor party and independent candidate conventions are simply door-to-door canvassing or petition signature-gathering campaigns. While he asserts without citation that this is true, the record shows otherwise. *See* Castillo Decl., Ex. 3 (Augino Dep. 43:6-20, describing differences); *see also* Castillo Decl., Ex. 2 (Grage Dep. 13:7-14:15, "I don't think circulate is the right word."). Nor would such an interpretation carry any weight because it conflicts with the plain language of the statutory requirements. Wash. Rev. Code § 29A.56.600 (convention is "an organized assemblage of registered voters representing an independent candidate or candidates or a new or minor political party, organization, or principle"); Wash. Rev. Code § 29A.56.610 ("[t]o be valid, a convention must be attended by at least one hundred registered voters").

Moreover, the State's convention notice requirement does not restrict who can collect nominating petition signatures at the conventions. Unlike the cases that De La Fuente cites, the

DEFENDANT'S RESPONSE TO
MOTION FOR SUMMARY JUDGMENT
AND CROSS-MOTION TO DISMISS --
NO. 3:16-CV-05801-BHS

21

ATTORNEY GENERAL OF WASHINGTON
1125 Washington Street SE
PO Box 40100
Olympia, WA 98504-0100
(360) 753-6200

1    State's convention notice requirement does not place any requirement on who can collect

2    nominating petition signatures. Dkt. No. 30, at 17-18 (citing *e.g.*, *Buckley v. Am. Constitutional*

3    *Law Found., Inc.*, 525 U.S. 182 (1999) (requirement that signature gatherers be registered voters

4    of the state); *Meyer v. Grant*, 486 U.S. 414 (1988) (prohibition on paid signature gatherers)).

5    Any advocate for a minor party candidate can attend a convention and promote the candidate's

6    nomination by helping to collect signatures from attendees.

7        Similarly, Wash. Rev. Code § 29A.56.620 imposes no restriction on where or when

8    minor parties and independent candidates may hold their conventions. The statute's only

9    requirement is that the public receive notice of the date, time, and location so that interested

10   voters can attend if they so choose.

11       De La Fuente also raises an argument as to the timing of nominating conventions in

12   relation to the notice requirement. But, as applied in this case, De La Fuente's representative was

13   notified of the publication requirements on June 20, 2016, more than a month before the window

14   for holding a convention closed on July 23, 2016. Dkt. No. 15-1 (Nieland Decl., Ex. 4). He had

15   plenty of time to publish timely notice and hold a convention or series of conventions within the

16   statutory timeframe. Further, the fact that minor party and independent candidate campaigns

17   must organize themselves with some reasonable diligence does not establish that Wash. Rev.

18   Code § 29A.56.620 amounts to an unconstitutional restriction. *See Libertarian Party of Wash.*

19   *v. Munro*, 31 F.3d 759, 762-63 (9th Cir. 1994), *overrruled on other grounds*, *Pub. Integrity All.,*

20   *Inc. v. City of Tucson*, 836 F.3d 1019, 1025 (9th Cir. 2016).

21       The State did not impose a prior restraint on speech in any way, and the convention

22   publication notice requirement certainly imposes no prior restraint. Despite De La Fuente's

23   strained analogy, requiring public notice of a convention is not akin to obtaining a state permit

24   or other state permission to hold a convention. The notice publication requirement does not in

25   any way restrict what someone can say at an independent candidate or minor party convention.

26   No government permit is required for supporters of a candidate to talk to voters and gather

DEFENDANT'S RESPONSE TO
MOTION FOR SUMMARY JUDGMENT
AND CROSS-MOTION TO DISMISS --
NO. 3:16-CV-05801-BHS                                          22                    ATTORNEY GENERAL OF WASHINGTON
                                                                                    1125 Washington Street SE
                                                                                    PO Box 40100
                                                                                    Olympia, WA 98504-0100
                                                                                    (360) 753-6200

1   signatures at a convention. Supporters of De La Feunte could—and did—obtain nominating

2   signatures without any evidence of government interference. De La Fuente cannot legitimately

3   claim a prior restraint on anyone's speech.

4          Finally, De La Fuente's argument that Wash. Rev. Code § 29A.56.620 restricts voters'

5   speech about minor party or independent candidates is belied by its plain text and application.

6   The law does not regulate any speech as already shown, but instead is a reasonable regulation

7   for minor party and independent presidential candidates to access Washington's ballot. There is

8   nothing content-based about a reasonable prerequisite that is neutrally applied to every minor

9   party and independent candidate seeking access to the Washington ballot. *Cf. Burdick*, 504 U.S.

10  at 437-38 (rejecting argument that election regulation that "channeled" voter activity to certain

11  candidates at the polls was content-based); *see also id.* at 440 n.10 ("It seems to us that limiting

12  the choice of candidates to those who have complied with state election law requirements is the

13  prototypical example of a regulation that, while it affects the right to vote, is eminently

14  reasonable."). Further, courts have long rejected the argument, like that of De La Fuente here,

15  that ballot regulations, which affect only minor parties must be reviewed with stricter scrutiny,

16  "so long as the law at issue [does] not severely burden a minor party's constitutional rights."

17  *Ariz. Libertarian Party*, 798 F.3d at 730 n.8 (internal quotation marks omitted). Wash. Rev. Code

18  § 29A.56.620 does not, and therefore De La Fuente has not met his burden of proving that the

19  regulation is invalid.

20

21

22

23

24

25

26

DEFENDANT'S RESPONSE TO
MOTION FOR SUMMARY JUDGMENT
AND CROSS-MOTION TO DISMISS --
NO. 3:16-CV-05801-BHS

23

ATTORNEY GENERAL OF WASHINGTON
1125 Washington Street SE
PO Box 40100
Olympia, WA 98504-0100
(360) 753-6200

1

## VI.    CONCLUSION

2      Washington law afforded De La Fuente reasonable opportunity to gain access to the

3  State's presidential ballot. That he chose not to avail himself of that opportunity through

4  reasonable diligence should not be placed at the feet of the State. This Court should grant

5  summary judgment to the Secretary of State and dismiss this matter with prejudice.

6      DATED this 27th day of October 2017.

7

8                                      ROBERT W. FERGUSON
                                       Attorney General

9

10                                      *s/ Callie A. Castillo*
                                       CALLIE A. CASTILLO
11                                      REBECCA R. GLASGOW
                                       Deputy Solicitors General
12                                      PO Box 40100
                                       Olympia, WA 98504-0100
13                                      360-753-6200
                                       Callie.Castillo@atg.wa.gov
14                                      Rebecca.Glasgow@atg.wa.gov

15

16

17

18

19

20

21

22

23

24

25

26

1

**CERTIFICATE OF SERVICE**

2

I hereby certify that on this date I electronically filed the foregoing document with the

3

Clerk of Court using the CM/ECF system which will send notification of such filing to:

4

5

Donald H. Mullins
Wesley Foreman

6

Badgley Mullins Turner PLLC
19929 Ballinger Way NE, Suite 200

7

Seattle, WA 98155
donmullins@badgleymullins.com

8

wforeman@badgleymullins.com

9

Paul Anthony Rossi

10

IMGP Advocates, INC
873 East Baltimore Pike, Suite 705

11

Kennett Square, PA 19348
paul-rossi@comcast.net

12

13

DATED this 27th day of October 2017, at Olympia, Washington.

14

s/ *Stephanie N. Lindey*

15

STEPHANIE N. LINDEY
Legal Secretary

16

17

18

19

20

21

22

23

24

25

26

DEFENDANT'S RESPONSE TO
MOTION FOR SUMMARY JUDGMENT
AND CROSS-MOTION TO DISMISS --
NO. 3:16-CV-05801-BHS

25